UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
SOUTHERN DIVISION

| | |
|---|---|
| JADYN NEWMAN, individually, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br>v.<br><br>AUDIENCEVIEW TICKETING CORPORATION AND UNIVERSITYTICKETS.COM, INC.,<br><br>Defendants. | Case No 1:23-cv-03764-VEC |
| RICHARD Z. TOLEDO, individually, and on behalf of classes of similarly situated individuals,<br><br>Plaintiffs,<br>v.<br><br>AUDIENCEVIEW TICKETING CORPORATION AND UNIVERSITYTICKETS.COM, INC.,<br><br>Defendants. | Case No 1:23-cv-03764-VEC<br><br>CONSOLIDATED WITH 1:23 -CV-3764 |

**DECLARATION OF KILEY L. GROMBACHER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Kiley L. Grombacher being competent to testify, make the following declaration:

    1.    I am an adult, I have personal knowledge of the facts stated herein, and I am competent to so testify.

    2.    I am currently a partner of the law firm Bradley Grombacher, LLP. I am admitted to

practice before this Court *Pro Hac Vice*. I am counsel at Bradley Grombacher for the proposed Settlement Class. I submit this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"). Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so. A true and correct copy of the Settlement Agreement ("Settlement Agreement") is attached hereto as **Exhibit A**. Included with the Agreement are true and correct copies of following sub-exhibits:

**Sub-Exhibit 1: Short Form Notice**
**Sub-Exhibit 2: Long Form Notice**
**Sub-Exhibit 3: Claim Form**
**Sub-Exhibit 4: [Proposed] Preliminary Approval Order**
**Sub-Exhibit 5: [Proposed] Final Approval Order and Judgment**

## Counsel Qualifications

3. Bradley/Grombacher LLP is a national law firm. Bradley/Grombacher, LLP, has extensive experience litigating wage and hour class and representative actions as well as complex consumer class actions, including data breach matters. Details on the work, experience and accomplishments of the firm can be found at www.bradleygrombacher.com.

4. I have been a member of the State Bar of California since 2006. My involvement in various forms of class action litigation spans more than a decade during which time I have litigated hundreds of class actions.

5. I began my legal career at Arias, Ozzello & Gignac where I specialized in and gained extensive experience litigating consumer cases. Thereafter, I joined Marlin & Saltzman in 2010, where I focused my practice almost exclusively on class, collective and enforcement actions including the reported case, *Faulkinbury v. Boyd & Associates*, which clarified the holding in a seminal case, *Brinker Restaurant Corp. v. Superior Court*, to establish that legality of certain company policies could be determined on a class-wide basis even if the application of the polices varies by individual.

6. I have argued cases before trial courts and courts of appeal. My writings on legal topics

pertaining to class and representative actions have appeared in professional publications and I have been called upon to speak at conferences and seminars for professional organizations. I have also been honored as a Rising Star and/or Super Lawyer in the area of class actions by Los Angeles Magazine for multiple years including the current year.

7. My partner, Mr. Bradley, has practiced since 1994. He has been responsible for all facets of class action and other complex litigation, from pre-filing investigation through trial and appeal. Since approximately May 2000, he has spent the majority of his time representing workers in wage and hour matters. Mr. Bradley's writings on legal topics pertaining to litigating wage and hour class and representative actions have appeared in professional publications and he has also been called upon to speak at conferences and seminars for professional organizations, including a recent presentation titled "Planning for and Executing Trial in Class and Collective Wage & Hour Cases." Mr. Bradley has been honored as a Super Lawyer in the area of class actions by Los Angeles Magazine for multiple years including 2021. He is a member of a number of professional organizations including the Consumer Attorneys of Los Angeles, the Consumer Attorneys of California, the California Employment Lawyers Association, and the American Association of Justice.

8. Myself and Mr. Bradley, at our present firm or at our prior firms, have litigated numerous class actions to favorable settlements including:

   a. *Gutierrez v. State Farm Mutual*, Los Angeles Superior Court (BC236552). Class action seeking overtime compensation for approximately 2,600 insurance claims adjusters employed by State Farm. The class was certified and summary adjudication was granted as to liability in favor of the class. The case settled for $135 million just prior to trial, with final approval granted with no objections filed.

   b. *Bednar v. Allstate Insurance Company*, Los Angeles Superior Court (BC240813). Class action seeking overtime compensation for approximately 1,200 insurance claims adjusters employed by Allstate. The class was certified and summary adjudication was

granted as to liability in favor of the class. The case settled for $120 million just prior to trial, with final approval granted with no objections filed.

c. *Roberts v. Coast National Insurance*, Orange County Superior Court (01CC08478). Class action seeking overtime compensation for insurance claims adjusters employed by Coast National Insurance. Certification granted, and then the matter was tried before a binding arbitrator. The case settled during the arbitration for in excess of $18 million.

d. *CNA Class Action Litigation*, Los Angeles Superior Court Class (JCCP 4230). Class action seeking overtime compensation for insurance claims adjusters employed by Defendant. Case settled for $33 million, with final approval granted with no objections filed.

e. *Dotson v. Royal SunAlliance*, Orange County Superior Court (02CC01787). Class action seeking overtime compensation for insurance claims adjusters employed by Royal SunAlliance. Case settled for $12.3 million, with final approval granted with no objections filed.

f. *Parris v. Lowe's Home Improvement*, Los Angeles County Superior Court (BC260702). Class action seeking payment of "off-the-clock" hours worked by all hourly employees of Lowe's Home Improvement stores in the State of California. The class was certified by the Court of Appeal and remanded to the trial court for further proceedings. Shortly thereafter, a $29.5 million settlement was reached and approved without objection.

g. *Pardo v. Toyota Motor Sales, et al*. Los Angeles County Superior Court (BC372781). Class action misclassification of workers with claims for overtime and missed meal and rest breaks. The case settled for $7.75 million and was approved with no objections.

h. *Smith/Ballard v. Wal-Mart Stores, Inc*. United States District Court for the Northern District of California (Case No. 4:06-cv-05411-SBA). Wage and hour class action seeking unpaid vacation and personal time, unpaid wages, and related penalties on behalf of over 245,000 employees. The action was certified and settled for $86 million while Defendant's appeal of the certification was pending in the Ninth Circuit Court of Appeals.

34

i. *Hoyng v. AON*, Los Angeles County Superior Court (BC377184). Wage and hour class action seeking overtime and related compensation on behalf of Relationship and Account Specialists. The case settled for $10.5 million which was approved with no objections filed.

j. *In RE Bank of America Wage and Hour Employment Practices Litigation*, MDL 2138, United States District Court for the District of Kansas. California state and FLSA wage and hour litigation for various violations including unpaid overtime and "off-the-clock" work. Settled for $73 million.

k. *Lemus v. H & R Block Litigation*, United States District Court for the Northern District of California (Case No. 3:09-cv-03179-SI) Class certified, and settlement reached prior to trial. Total settlement of $35 million.

l. *Harris v. Vector Marketing Corporation,* United States District Court for the Northern District of California (Case No. 3:08-cv-05198-EMC). Class action case on behalf of approximately 70,000 employees misclassified as "trainees."

m. *Bickley v. Schneider National Trucking,* United States District Court for the Northern District of California (Case No. 4:08-cv-05806-JSW). Wage and hour class action on behalf of approximately 6,000 truck drivers. Settled for $29.5million.

n. *Roberts v. TJX,* United States District Court for the Northern District of California (Case No. 13-CV-04731-MEJ). Wage and hour violations on behalf of approximately 82,000 employees. Settled for $8.5 million.

o. *Oprychal v. New Your Life Insurance,* United States District Court for the Central District of California (Case No. 2:07-cv-00518-VBF). Class action for the failure to pay commissions pursuant to a compensation plan. Settled for $10 million.

p. *Neuvenheim v. Gamestop Corp.,* United States District Court for the Central District of California (Case No. 2:09-cv-06799-ODW). Class action on behalf of nonexempt employees for wage and hour violations.

q. *Hightower v. JP Morgan Chase,* United States District Court for the Central District of California (Case No. 2:11-cv-01802-PSG). Class action on behalf of nonexempt

employees for wage and hour violations. Settled for $12 million.

r. *Stern v. AT&T Mobility Corporation f/k/a Cingular Wireless Corporation,* United States District Court Central District of California (Case No. 2:05-CV-08842-CAS). Settlement with total value of the available settlement benefits that could have been claimed equaling $38,280,748.

s. *Lozano v. AT&T Wireless Services, Inc.*, United States District Court Central District of California (Case No 2:02-CV-00090-CAS). Settlement with total value of the available settlement benefits that could have been claimed equaling $42,700,800.

9. Bradley Grombacher attorneys also participating in other data breach and privacy litigation, which includes: *Newman v. AudienceView Ticketing Corp. et al.*, Case No. 1:23-cv-03764 (S.D. N.Y. 2023); *In Re: Blackhawk Network Data Breach Litigation*, Case No. 3:22-cv-07084 (N.D. Cal. 2022); and *In Re: Independent Living Systems Data Breach Ligation*, Case No. 1:23-cv-21060 (S.D. Fla. 2023).

10. My years of experience representing individuals in complex class actions— including data breach actions—contributed to an awareness of Plaintiff's settlement leverage, as well as the needs of Plaintiff and the proposed Settlement Class. I believe that our clients would ultimately prevail in the litigation on a class-wide basis. However, I am also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant risk of drawn-out appeals.

11. In the sections that follow, I will detail the hard-fought negotiations that resulted in the Agreement now before the Court for preliminary approval. As described below, the Settlement provides significant relief to Members of the Settlement Classes, and I strongly believe that it is favorable for the Settlement Class. It is, in the opinion of the undersigned, fair, reasonable, adequate, and in the best interests of the Settlement Class Members, and is worthy of preliminary approval.

12. My co-counsel Brian Murray of Glancy Prongay & Murray LLP is also well qualified to represent this class. Glancy Prongy & Murray LLP is a national class action law firm based in Los

Angeles, California with offices in Berkeley and New York. The firm's current resume is attached hereto as Exhibit B.

### Initial Investigation and Communications

13. Defendants AudienceView Ticketing Corporation and UniversityTickets.com Inc. operate an online ticketing platform providing services across the United States. In the ordinary course of doing business, Defendants collect certain Personally Identifiable Information (PII) from customers such as: name, address, payment card information, billing and shipping addresses, transaction histories and email address.

14. Between February 14, 2023 and February 21, 2023, malicious actors infiltrated AudienceView's digital infrastructure.

15. The malware bypassed existing security measures and involved potential access to PII from AudienceView's servers. As a result, Defendants notified approximately 13,045 current and past users of the AudienceView platform that their PII was potentially impacted by the Data Incident.

### Procedural Posture

16. On May 4, 2023, after receiving notices that their data had been affected, Plaintiff Newman filed their complaint in this matter, and on June 30, 2023, Plaintiff Toledo filed his complaint, with parallel allegations. Following the consolidation of these two actions against Audience View Ticketing and University Tickets, Plaintiffs filed a consolidated class action complaint on August 10, 2023, amending on October 16, 2023. Plaintiffs allege claims of negligence, unjust enrichment, breach of express contract, breach of implied contract, invasion of privacy, and deceptive business practices.

17. Plaintiffs seek an award of actual, nominal, consequently and punitive damages as well as attorneys' fees and costs, and any such further relief as may be deemed just and proper. Further, by their complaint, Plaintiffs seek equitable relief enjoining Defendants from engaging in the wrongful conduct complained of and compelling Defendants to utilize appropriate methods and policies with

respect to consumer data collection, storage, and safety.

18. Defendants filed a motion to dismiss the amended complaint on November 17, 2023, which was rendered moot upon the court staying the case on February 14, 2024, to enable the parties to pursue mediation.

**Settlement Negotiations And Mediation Efforts**

19. Following the filing of the motion to dismiss, the Parties, by and through their respective counsel, began discussing the possibility for early resolution. Grombacher Decl., ¶ 23. The Parties agreed that exploration of whether early resolution could be achieved was warranted. Over the next few months, the Parties engaged in extensive arm's length settlement negotiations. *Id.,* ¶ 26. Negotiations included a significant exchange of information, allowing both Parties to evaluate the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses. *Id.*, ¶ 27.

20. On May 28, 2024, the parties engaged in a full-day mediation session with the Honorable Morton Denlow, a well-respected industry leader in this field. The parties reached a settlement in principle at the mediation, and over the next few weeks, the Parties diligently negotiated, drafted, and finalized the settlement agreement, notice forms, and came to an agreement on a claims process and administrator.

21. The Settlement Agreement ("SA") was finalized by the Parties on August 23, 2024, and is attached in full as Exhibit 1 to the Declaration of Kiley L. Grombacher, filed herewith. It is the opinion of Plaintiffs and proposed settlement class counsel, based on their experience and investigation, that the Settlement Agreement presents a favorable result for the Class.

22. It is my opinion, and the opinion of the other proposed settlement class counsel, based on our experience and investigation, that the Settlement Agreement presents a favorable result for the Class.

**Settlement Benefits**

23.     The Class is estimated to include approximately 13,045 individuals.

24.     The Settlement Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge

25.     Under the proposed Settlement, Class Members shall have an opportunity to submit a claim for reimbursement of ordinary losses, lost-time, extraordinary losses, or an alternative cash payment of $75. Such payment is subject to *pro-rata* increase or decrease depending on claims rate but shall not exceed $225 per claimant.

26.     Furthermore, under the Settlement Agreement, Defendants have implemented certain cybersecurity enhancements. The Settlement provides for relief for a Class defined as: "persons who are identified on the Settlement Class List, including all individuals residing in the United States who were sent notification by Defendants that their Payment Card Information was potentially compromised in the Data Incident."

**Monetary Relief**

27.     Under the terms of the Settlement Agreement, Defendants will pay $435,000 into a Settlement Fund, which will be used to make payments to Class Members and to pay the costs of Notice, Settlement Administration, attorneys' fees and expenses, and Service Award to Plaintiff.

28.     Settlement Class Members can submit a claim for Ordinary Losses, which provides for up to $5,000.00 per person reimbursement of documented ordinary losses, demonstrably incurred, more likely than not, as a result of the Data Incident, including, but not limited to: (i) unreimbursed fees or other charges from Class Members' bank or credit card company incurred as a result of the Data

39

Incident; (ii) unreimbursed fees relating to Class Members' account being frozen or unavailable incurred as a result of the Data Incident; (iii) unreimbursed fees or other charges relating to the reissuance of Class Members' credit or debit card incurred as a result of the Data Incident; and (iv) other unreimbursed incidental telephone, internet, mileage, or postage expenses directly related to and incurred as a result of the Data Incident.

29. Class Members can also submit a claim for documented Extraordinary Losses which will provide reimbursement of up to $5,000.00 per person for actual, documented, and unreimbursed monetary loss incurred on or after October 12, 2022, more likely than not caused by the Data Breach, and not already covered by one or more of the normal reimbursement categories.

30. Additionally, Class Members can submit a claim for compensation for up to four (4) hours of lost time spent addressing issues related to the Data Incident, calculated at the rate of $25.00 per hour. SA, ¶56. To make a claim for lost time the Class Member must include an attestation that the time claimed was actually spent as a result of the Data Incident.

31. Alternatively, Class Members can elect to receive an alternative cash payment in the amount of $75 subject to pro rata increase or decrease based upon claims rate.

**Data Security Measures**

32. In addition to the monetary relief provided, Defendants have represented that they have either undertaken or will undertake certain reasonable steps to further secure their systems and environments.

33. Defendants have agreed to provide further information to the Plaintiffs and Class Counsel, if requested, on a confidential and sealed basis regarding the already undertaken enhancements or planned future enhancements and the estimated value of those changes, provided that Plaintiffs, with prior approval from the Court, may file such information regarding the undertaken or

40

planned enhancement steps under seal with the Court in accordance with the orders and instructions of the Court.

**Release**

34. The release is tailored to the claims that have been pleaded or could have been pleaded in this case.

35. Class Members who do not exclude themselves from the Settlement Agreement will release all claims, whether known or unknown, against Released Persons, based on, relating to, concerning or arising out of the alleged Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation.

**Notice**

36. The Parties agreed to use Eisner Advisory Group, LLC ("EAG" or "EisnerAmper") ("Settlement Administrator") as the Settlement Administrator.

37. The cost of notice and all other costs of Settlement Administration will be paid for out of the Settlement Fund.

38. The notice plan provides for individual notice to Class Members via email and U.S. mail, to the postal address that Defendants have on record for each Class Member.

39. The Settlement Administrator will establish a settlement website and will maintain and update the website during the claim period, with the Long Notice, and Claim Form, the Preliminary Approval Order, Settlement Agreement, and other relevant case documents.

40. Class Members will be able to submit Claim Forms through the website. *Id*. The Settlement Administrator will also make a toll-free help line during the claims period to provide Class Members with additional information about the Settlement and will establish a P.O. Box to which Class Members can submit claims.

**Claims Process**

41.     The timing of the claims process is structured to ensure that all Class Members have adequate time to review the terms of the Settlement Agreement, compile documents supporting their claim, and decide whether they would like to opt-out or object.

42.     Class Members will have no less than sixty (60) days after the Short Notice is issued to complete and submit their Claim Form to the Settlement Administrator, either by mail or online.

43.     The Claim Form is written in plain language to facilitate Class Members' ease in completing it.

44.     The Settlement Administrator will be responsible for reviewing the Claim Forms and determine if they are complete and valid. Should a claim be incomplete or lacking sufficient documentation, the Settlement Administrator may reach out the claimant for supplementation.

.**Requests for Exclusion and Objections**

45.     Settlement Class Members will have sixty (60) days following the Notice Commencement Date to object to or to submit a request for exclusion from the Settlement.

46.     Similar to the timing of the claims process, the timing with regard to objections and requests for exclusion is structured to give Class Members sufficient time to access and review the Settlement documents— including Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, which will be filed fourteen (14) days prior to the deadline for Class Members to object or exclude themselves from the Settlement.

47.     To be excluded from the Settlement, Class Members must make their request in writing, and must clearly manifest their intent to be excluded from the class. Any Member of the Class who elects to be excluded shall not (i) be bound by any order or the Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement.

48. Any Settlement Class Member who wishes to object shall file notice of his/her intention to do so with the Court and concurrently mail notice to Class Counsel, counsel for Defendants, and the Claims Administrator.

49. The objection to the Settlement Agreement must include: (i) the objector's full name and address; (ii) the case name and docket number; (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or their counsel will appear at the Final Approval Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or their in connection with the objection.

**Fees, Costs, and Service Awards**

50. The Settlement Agreement calls for a reasonable service award to Plaintiffs in the amount of $3,500. The Service Award is meant to compensate Plaintiffs for their efforts on behalf of the Class, including maintaining contact with counsel, assisting in the investigation of the case, reviewing the Complaint, remaining available for consultation during the settlement negotiations, reviewing the Settlement Agreement, and answering counsel's questions.

51. After agreeing to the terms of the settlement, counsel for Plaintiffs negotiated with Defendants regarding their attorneys' fees.

52. By separate motion, Plaintiffs will seek Court approval of attorneys' fees and costs in the maximum amount of thirty percent (30%) of the Settlement Fund, or One Hundred Thirty Thousand Five Hundred Dollars and Zero Cents ($130,500.00). See *Reynolds v. Marymount Manhattan Coll.*, No.

1:22-CV-06846-LGS, 2023 U.S. Dist. LEXIS 191993, at *3 (S.D.N.Y. Oct. 23, 2023) (holding that "[e]mpirical evidence indicates that the median percentage of the settlement amount awarded as attorneys' fees in" matters similar to data breach cases is 29%).

53. Class Counsel will submit a separate motion seeking attorneys' fees, costs, expenses, and Plaintiff's Service Award before filing the Motion for Final Approval, and before Class Members' deadline to exclude themselves from, or object to, the Settlement Agreement. Agreement.

54. In the event the Court declines to approve, in whole or in part, the payment of service awards in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect.

\* \* \* \* \* \* \* \* \* \* \* \*

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct, and that this declaration was executed in Westlake Village, California on this 23rd day August 2024.

        By /s/ Kiley L. Grombacher
           Kiley L. Grombacher
           *Attorneys for Plaintiff and the Putative Class*