```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/29/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
JADYN NEWMAN, an individual, and on behalf      :
of classes of similarly situated individuals,   :
                                                :
                           Plaintiff,           :     23-CV-3764 (VEC)
           -against-                            :
                                                :
AUDIENCEVIEW TICKETING CORPORATION              :
AND UNIVERSITYTICKETS.COM, INC.,                :
                                                :
                           Defendants.          :
------------------------------------------------------------- X
------------------------------------------------------------- X
RICHARD Z. TOLEDO, an individual, and on        :
behalf of classes of similarly situated individuals, :
                                                :
                           Plaintiff,           :
                                                :     23-CV-5626 (VEC)
           -against-                            :
                                                :         ORDER
AUDIENCEVIEW TICKETING                          :
CORPORATION AND                                 :
UNIVERSITYTICKETS.COM, INC.,                    :
                                                :
                           Defendants.          :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 23, 2024, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement ("Motion"), Not. of Mot., Dkt. 61, along with a memorandum of law in support ("Memorandum"), Mem., Dkt. 62, a declaration from Kiley L. Grombacher ("Grombacher Declaration"), Decl., Dkt. 63, and a declaration from Ryan Aldridge ("Aldridge Declaration"), Decl., Dkt. 64;

WHEREAS Plaintiffs attached the parties' Settlement Agreement as Exhibit A to the Grombacher Declaration, *see* Settlement Agreement, Dkt. 63-1;

WHEREAS the Settlement Agreement included five sub-exhibits: a Short Form Notice, a Long Form Notice, a Claim Form, a Proposed Preliminary Approval Order, and a Proposed Final Approval Order and Judgment, *see* Grombacher Decl. ¶ 2; Settlement Agreement, Dkt. 63-1;

WHEREAS the motion and supporting papers raise some questions and contain many discrepancies and errors, including the following:

1. The parties define the class as the list of about 13,045 people who Defendants notified of the data breach.  *See* Settlement Agreement ¶ 39 (defining "Settlement Class" as those who were notified of data breach); *see* Proposed Preliminary Approval Order ¶ 1 (defining class as those who were notified and stating that the class includes approximately 13,045 people).  The parties do not explain why they believe that the list of people Defendants notified of the breach is the full universe of people affected by the breach.

2. The Memorandum and the Grombacher Declaration describe two categories of losses: Ordinary Losses and Extraordinary Losses, both with a cap of $5,000.  *See* Mem. at 4–5 (citing Settlement Agreement ¶ 53), Grombacher Decl. ¶ 29.  The Settlement Agreement does not mention Extraordinary Losses in Paragraph 53 or elsewhere.  *See* Settlement Agreement ¶ 53.  Further, neither the Long Form Notice nor the Short Form Notice mentions the possibility of collecting for Extraordinary Losses.

3. The Settlement Agreement defines "Settlement Administrator" as Postlethwaite & Netterville, APAC.  *See* Settlement Agreement ¶ 38.  Everywhere else in the papers the Settlement Administrator is identified as Eisner Advisory Group, LLC.  *See, e.g.*, Mem. at 6; Grombacher Decl. ¶ 36.

4. In their Memorandum, Plaintiffs say that their motion for fees and service awards will be made 14 days before the deadline to object. Mem. at 7.  The Settlement Agreement says the motion will be made 30 days before the deadline to object.  Settlement Agreement ¶ 93.

5. Settlements in data breach cases typically include free credit monitoring for some period of time for the affected customers.  The papers fail to explain why this settlement does not include such a service.

6. The Memorandum and Settlement Agreement refer vaguely to enhanced security measures that the Defendant has adopted and will adopt to protect against future data breaches.  *See* Mem. at 5, 18; Settlement Agreement ¶ 70.  Because these measures are referenced as part of the consideration for the Settlement, Plaintiffs must inform the Court what those measures are and approximately what they cost.  That information may be filed under seal.

7. The Memorandum says that the Settlement Agreement caps an individual's recovery at $2,800 with a total settlement fund of $500,000.  Mem. at 23.  The Settlement Agreement says the individual cap is $5,000 and the total fund is $435,000.  Settlement Agreement ¶¶ 42, 53, 55.

8. The Settlement Agreement sets payment priorities as follows: (i) Notice and Administrative Expenses; (ii) Taxes and Tax Related Expenses; (iii) Approved Claims for Out-of-Pocket Losses; (iv) Approved Claims for Attested Time; and (v) Approved Claims for Alternative Cash Payments.  Settlement Agreement ¶ 66.  Based on that priority, if the total amount of the approved claims exceeds $435,000 less the sum of the Notice and Administration Expenses and the Taxes and Tax-

    Related Expenses, the legal fees and service awards will not be paid. If Plaintiffs' counsel is not intending to be so beneficent, the Court expects them to correct the error in Paragraph 66 of the Settlement Agreement or to explain further the priority of payments.

9. The Short Form and Long Form Notices disclose that Plaintiffs will be seeking service awards of $2,500 each (for a total of $5,000). Long Form Notice at Question 10; Short Form Notice at 1. On the other hand, the Memorandum and Settlement Agreement state that Plaintiffs will be seeking service awards of $3,500 each (for a total of $7,000). Mem. at 8; Settlement Agreement ¶ 91. Which is correct?

10. The Proposed Preliminary Approval Order asks the Court to cap the costs the Settlement Administrator can incur without prior Court approval, *see* Proposed Order ¶ 17, but the papers do not contain an estimate of what the Administrator expects costs to be. Plaintiffs must provide information regarding expected costs before the Court can set a maximum.

11. The Long Form Notice contains a typo in the answer to Question 17. Plaintiffs should delete the duplicative phrase "The objection must include:" in the second sentence of the second paragraph of the answer to Question 17.

WHEREAS the Court cannot enter a preliminary approval order until Plaintiffs resolve the many errors in and open questions raised by their papers;

IT IS HEREBY ORDERED that Plaintiffs' Motion is DENIED without prejudice to Plaintiffs re-filing a corrected version of the Motion and supporting papers. The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 61;

IT IS FURTHER ORDERED that Plaintiffs must file their renewed Motion for Preliminary Approval by not later than **Friday, September 13, 2024**.  Plaintiffs are admonished to carefully review their papers to correct all discrepancies and errors, including any errors or typos that the Court has not identified in this Order.

IT IS FURTHER ORDERED that, assuming Plaintiffs can correct the errors identified above, the Court will schedule a Final Approval Hearing for **Wednesday, March 5, 2025**.

**SO ORDERED.**

**Date:  August 29, 2024**
         **New York, NY**

                                    **VALERIE CAPRONI**
                                    **United States District Judge**