## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JADYN NEWMAN, individually, and on behalf of classes of similarly situated individuals,<br><br>     Plaintiffs,<br><br>v.<br><br>AUDIENCEVIEW TICKETING CORPORATION AND UNIVERSITYTICKETS.COM, INC.,<br><br>     Defendants. | Case No 1:23-cv-03764-VEC |
| RICHARD Z. TOLEDO, individually, and on behalf of classes of similarly situated individuals,<br><br>     Plaintiffs,<br><br>v.<br><br>AUDIENCEVIEW TICKETING CORPORATION AND UNIVERSITYTICKETS.COM, INC.,<br><br>     Defendants. | Case No 1:23-cv-03764-VEC<br><br>CONSOLIDATED WITH 1:23-CV-03764-VEC |

## DECLARATION OF BRIAN P. MURRAY IN SUPPORT OF
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, Brian P. Murray, decare as follows:

1.      I am a partner at Glancy Prongay & Murray LLP, which is, along with Bradley Grombacher LLP, counsel for Plaintiffs Jadyn Newman and Richard Z. Toledo ("Plaintiffs"), in the above-captioned action (the "Action"). I am admitted to practice in this District. I have personal knowledge of the facts stated herein and, if called upon as a witness, I could and would testify competently thereto.

2.      I respectfully submit this declaration, together with the attached exhibits, in support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and the concurrently filed memorandum in support thereof ("Final Approval Motion"). As set forth in the Final Approval Motion, Plaintiffs seek final approval of the $345,000 Settlement for the benefit of the Settlement Class, as well as final approval of the proposed Plan of Allocation of the Net Settlement Fund to eligible Settlement Class Members.

**Overview of the Action**

3.      Defendants operate online ticketing platform providing services across the United States. In the ordinary course of doing business, Defendants collect certain payment card information ("PCI") from customers such as: name, address, payment card information, billing and shipping addresses, transaction histories and email address.

4.      Between February 14, 2023 and February 21, 2023, malicious actors infiltrated AudienceView's digital infrastructure (the "Data Incident"). The malware bypassed existing security measures and involved potential access to PCI from AudienceView's servers. As a result, Defendants notified 13,045 current and past users of the AudienceView platform that their PCI was potentially impacted by the Data Incident.

1

5.      On May 4, 2023, Plaintiff Newman filed her complaint in this matter, and on June 30, 2023, Plaintiff Toledo filed his complaint, with parallel allegations. Following the consolidation of these two actions against Defendants, Plaintiffs filed a consolidated class action complaint on August 10, 2023 (Dkt. 31), amending on October 16, 2023 (Dkt. 38). Plaintiffs allege claims of negligence, unjust enrichment, breach of express contract, breach of implied contract, invasion of privacy, and deceptive business practices.

6.      Plaintiffs sought an award of actual, nominal, consequential, and punitive damages as well as attorneys' fees and costs, and any such further relief as may be deemed just and proper. Further, by their complaint, Plaintiffs sought equitable relief enjoining Defendants from engaging in the wrongful conduct complained of and compelling Defendants to utilize appropriate methods and policies with respect to consumer data collection, storage, and safety. Defendants filed a motion to dismiss the amended complaint on November 17, 2023 (Dkt. 45), which was rendered moot upon the court staying the case on February 14, 2024 (Dkt. 52), to enable the parties to pursue mediation.

### The Settlement

7.      Following the filing of the motion to dismiss, the Parties, by and through their respective counsel ("Lead Counsel"), began discussing the possibility of early resolution. The Parties agreed that exploration of whether early resolution could be achieved was warranted. Over the next few months, the Parties engaged in extensive arm's-length settlement negotiations. *Id.* Negotiations included a significant exchange of information, allowing both Parties to evaluate the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses. *Id.*

8.      On May 28, 2024, the parties engaged in a full-day mediation session with the Honorable Morton Denlow, a well-respected industry leader in this field. The parties reached a

settlement in principle at the mediation, and over the next few weeks, the Parties diligently negotiated, drafted, and finalized the settlement agreement, notice forms, and came to an agreement on a claims process and to use Eisner Advisory Group, LLC ("EisnerAmper") as the Settlement Administrator

9.      Given the nature of information potentially impacted in the Incident, which included PCI and not other personal identifiable information such as Social Security numbers or driver's license numbers, the parties agreed that there was no need to offer credit monitoring as part of the settlement terms.

10.     The fee award to Plaintiffs' Counsel is not tied to the approval of the Settlement.

11.     There is no agreement between the parties, except as set forth in the Settlement Agreement.

12.     In addition to the monetary relief provided, Defendants have represented that they have either undertaken certain reasonable steps to further secure their systems and environments. Defendants provided further information to Lead Counsel regarding the facts and circumstances of the Data Incident, Defendants' responses thereto, and the changes and improvements that have been made to protect Settlement Class Members' information from further unlawful intrusions. Such changes and improvements that have been made or will be made include but are not limited to: removal of malicious JavaScript code from affected databases, implementation of trigger to identify reinsertion of malicious scripts into databases, disabling of SQL SA accounts, enabling blocking of SQL injection attempts at Cloudfare WAF, implementing an EDR solution and archiving the impacted infrastructure, and engaging a third-party forensics firm to assist in the internal investigation. The costs of these measures was approximately $1.5 million.

13.    Plaintiffs' Counsel has designated the St. John's University School of Law Consumer justice for the Elderly Litigation Clinic. This Clinic is an in-house one-semester civil litigation and advocacy clinic. Under the supervision of the full-time clinical faculty members, students represent low-income elderly Queens residents in cases involving deed theft (where a person's home is taken through fraudulent deed transactions, caused by, *inter alia*, identify theft), foreclosure defense, predatory lending, home improvement contractor fraud, debt collection, and other consumer matters.

14.    Due to their experience in litigating data breach cases and investigation of this case, Lead Counsel gained insight into the facts and legal issues necessary to make an informed judgment concerning settlement. While no formal discovery was conducted in this case, Lead Counsel have also taken discovery in numerous data breach cases, giving them insight into the types of evidence that would be available in this case.

15.    It is the opinion of Plaintiffs and Lead Counsel, based on their experience and investigation, that the Settlement, as set forth in the Settlement Agreement and Release, dated August 23, 2024 (Dkt. 63-1) ("Settlement Agreement" or "SA") presents a favorable result for the Class.

16.    Attached as Exhibit 1 hereto is the notice in  *Baksh et al. v. IvyRehab Network, Inc.*, No. 7:20-CV-01845 (S.D.N.Y.).

17.    Attached as Exhibit 2 hereto is the notice in  *Rutledge et al v. Saint Francis Healthcare System*, No. 1:20- cv-00013-SPC (E.D. Mo.).

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Executed this 27th day of March 2025, in Wilton, Connecticut.

_/s/ Brian P. Murray_
Brian P. Murray

# Exhibit 1

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK, WHITE PLAINS DIVISION

# If you utilized IvyRehab's services and your private information was maintained on IvyRehab's system, compromised in a cybersecurity incident announced on or about November 26, 2019, you may be eligible for benefits from a class action settlement.

*Para una notificación en Español, visitar [WEB ADDRESS]*
*A federal court authorized this Notice. This is not junk mail, an advertisement, or a solicitation from a lawyer.*

- A settlement has been proposed in a class action lawsuit against IvyRehab Network, Inc., ("IvyRehab") relating to a cybersecurity incident involving the IvyRehab's system, discovered on or about November 26, 2019 (the "Data Incident"). The computer system affected by the Data Incident potentially contained certain personal and protected health information (such as Social Security numbers, health insurance information, and other protected health information) relating to IvyRehab patients.

- If you are an individual who utilized IvyRehab's services and your private information was maintained on IvyRehab's system and potentially impacted by the Data Incident, you are a part of the class, and may be eligible for benefits.

- The Settlement provides credit monitoring and payments to individuals who submit valid, documented claims for out-of-pocket expenses and charges that were directly incurred and arose from the Data Incident.

- Your legal rights are affected regardless of whether you do or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you can receive payment or credit monitoring. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will not get any payment or credit monitoring from the Settlement, but you also will not release your claims against IvyRehab. This is the only option that allows you to be part of any other lawsuit against IvyRehab or related parties for the claims resolved by this Settlement. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court with reasons why you do not agree with the Settlement. |
| **GO TO THE FINAL FAIRNESS HEARING** | You may ask the Court for permission for you or your attorney to speak about your objection at the Final Fairness Hearing. |
| **DO NOTHING** | You will not get any credit monitoring or compensation from the Settlement and you will give up certain legal rights. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice. For complete details, view the Settlement Agreement, [WEBSITE] or call [TELEPHONE #].

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement. Payments and credit monitoring will only be made after the Court grants final approval of the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 3**
1. Why is this Notice being provided?
2. What is this lawsuit about?
3. What is a class action?
4. Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 3**
5. How do I know if I am part of the Settlement?
6. Are there exceptions to being included in the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY**. . . . . . . . . . . . . . . **PAGE 4**
7. What does the Settlement provide?
8. What Settlement benefits are available?

**HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM**. . . . . . . . . . . . . . . . . . . . . **PAGE 5**
9. How do I get benefits from the Settlement?
10. How will claims be decided?
11. When will I get my payment?

**REMAINING IN THE SETTLEMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 5**
12. Do I need to do anything to remain in the Settlement?
13. What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 6**
14. If I exclude myself, can I still get payment from the Settlement?
15. If I do not exclude myself, can I sue IvyRehab for the same thing later?
16. How do I get out of the Settlement?

**THE LAWYERS REPRESENTING YOU**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 6**
17. Do I have a lawyer in this case?
18. How will Class Counsel be paid?

**OBJECTING TO THE SETTLEMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 7**
19. How do I tell the Court that I do not like the Settlement?
20. What is the difference between objecting to and excluding myself from the Settlement?

**THE COURT'S FINAL FAIRNESS HEARING**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 8**
21. When and where will the Court decide whether to approve the Settlement?
22. Do I have to come to the Final Fairness Hearing?
23. May I speak at the Final Fairness Hearing?

**IF YOU DO NOTHING**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 8**
24. What happens if I do nothing?

**GETTING MORE INFORMATION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **PAGE 9**
25. Are more details about the Settlement available?
26. How do I get more information?

## BASIC INFORMATION

### 1. Why is this Notice being provided?

The Court directed that this Notice be provided because you have a right to know about a proposed settlement that has been reached in this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. If the Court approves the Settlement, and after any objections or appeals are resolved, the Settlement Administrator appointed by the Court will distribute the payments and other relief that the Settlement allows. This Notice explains the lawsuit, the Settlement, your legal rights, what payments are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Southern District of New York, White Plains Division. The case is known as *Baksh et al. v. IvyRehab Network, Inc.*, Case No. 7:20-cv-01845 (the "Lawsuit"). The people who filed the Lawsuit are called Plaintiffs and the entity they sued, IvyRehab, is called the Defendant.

### 2. What is this lawsuit about?

The Lawsuit claims IvyRehab was responsible for the increased risk of identity theft stemming from the Data Incident and asserts claims such as: negligence; negligence per se; breach of express contract; breach of implied contract; breach of fiduciary duty; and violation of New York General Business Law Section 349. The Lawsuit seeks, among other things, payment for persons who were injured by the Data Incident.

IvyRehab has denied and continues to deny all of the claims made in the Lawsuit, as well as all charges of wrongdoing or liability against it.

### 3. What is a class action?

In a class action, one or more people called Class Representatives (in this case, Bibi Baksh and Sharon Dunn on behalf of her daughter M.M.) sue on behalf of people who have similar claims. Together, all these people are called a Class or Class Members. One Court and one judge resolve the issues for all Class Members, except for those who exclude themselves from the Settlement Class.

### 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or IvyRehab. Instead, the Plaintiffs negotiated a settlement with IvyRehab that allows both Plaintiffs and IvyRehab to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals. It also allows Settlement Class Members to obtain benefits without further delay. The Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members. This Settlement does not mean that IvyRehab did anything wrong.

## WHO IS INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am part of the Settlement?

You are part of this Settlement as a Settlement Class Member if you utilized IvyRehab's services and your private information was maintained on IvyRehab's system, compromised in the Data Incident.

### 6. Are there exceptions to being included in the Settlement?

Yes. Specifically excluded from the Settlement Class are: (i) IvyRehab's officers, directors, and employees; (ii) any entity in which IvyRehab has a controlling interest; and (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of IvyRehab. Also excluded from the Settlement Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

### 7. What does the Settlement provide?

There are two types of claims-based remedies that are available: (1) credit monitoring; and (2) expense and time reimbursement (Question 8, below). You may submit a claim for either or both of the above listed remedies. In order to claim each type of remedy, you must provide related documentation with the Claim Form.

The Settlement will provide credit monitoring services to all valid claimants.

The Settlement will also provide for expense reimbursements as described in Question 8. The total amount of money paid by IvyRehab for expense and time reimbursement shall not exceed $150,000. In the event the total amount of money claimed and approved for expense and time reimbursement exceeds $150,000, each claim made and approved under the Settlement shall be reduced on a pro rata basis until the total is reduced to $150,000.

Additionally, the Settlement also provides that IvyRehab has implemented and will implement new data security measures to improve its system's cybersecurity.

### 8. What settlement benefits are available?

Class Members are each individually eligible to receive 12-months of credit monitoring in addition to any credit monitoring services previously provided as a result of IvyRehab's pre-lawsuit notifications.

Qualified Class Members are further eligible to claim reimbursement of up to $75 (in total) for their documented out-of-pocket expenses, fees for credit based reports, and time expenses resulting from the Data Incident including:

- Out of pocket expenses, including bank fees, long distance phone charges, cell phone charges (if charged by the minute), data charges (if charged based on data used), postage, or gasoline for local travel;

- Fees for credit reports, credit monitoring, or other identity theft insurance products purchased between September 1, 2019 and the date of the Court's Preliminary Approval Order; and

- Where at least one full hour was spent exclusively dealing with the Data Incident, $20 per Class Member.

## HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM

| **9. How do I get benefits from the Settlement?** |
| --- |

To ask for a payment or credit monitoring, you must complete and submit a Claim Form. Claim Forms are available at [WEBSITE] or you may request one by mail by calling [TELEPHONE#]. Read the instructions carefully, fill out the Claim Form, and mail it postmarked no later than **[DATE]** to:

> IvyRehab Settlement Administrator
> c/o [Administrator]
> [Administrator Address]
> [Administrator Address]

| **10. How will claims be decided?** |
| --- |

The Settlement Administrator will initially decide whether the information provided on a Claim Form is complete and valid. The Settlement Administrator may require additional information from any Class Member who submits a Claim Form. If the required information is not timely provided, the claim will be considered invalid and will not be paid, and credit monitoring will not be provided. Class Counsel and Counsel for IvyRehab will be able to review claims made.

| **11. When will I get my payment?** |
| --- |

The Court will hold a Final Fairness Hearing at **[time and date and location]** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether any appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all Claim Forms to be processed, depending on the number of claims submitted. Please be patient.

## REMAINING IN THE SETTLEMENT

| **12. Do I need to do anything to remain in the Settlement?** |
| --- |

You do not have to do anything to remain in the Settlement, but if you would like to enroll in credit monitoring or be eligible to receive a payment you must submit a Claim Form postmarked by **[DATE].**

| **13. What am I giving up as part of the Settlement?** |
| --- |

If the Settlement becomes final, you will give up your right to sue IvyRehab for the claims being resolved by this Settlement. The specific claims you are giving up against IvyRehab are described in paragraph 8 of the Settlement Agreement. You will be "releasing" IvyRehab and all related people or entities as described in paragraph 8 of the Settlement Agreement. The Settlement Agreement is available at [WEBSITE].

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions about what this means you can talk to the law firms listed in Question 17 for free or you can, of course, talk to your own lawyer at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want benefits from this Settlement, but you want to keep the right to sue IvyRehab about issues in the Lawsuit, then you must take steps to get out of the Settlement Class. This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

### 14. If I exclude myself, can I still get payment from the Settlement?

No. If you exclude yourself from the Settlement, you will not be entitled to any benefits of the Settlement, but you will also not be bound by any judgment in this case.

### 15. If I do not exclude myself, can I sue IvyRehab for the same thing later?

No. Unless you exclude yourself from the Settlement, you give up any right to sue IvyRehab for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form to ask for benefits.

### 16. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from the Settlement in *Baksh et al. v. IvyRehab Network, Inc.*, Case No. 7:20-cv-0184. Your letter must also include your name, address, telephone number, and signature. You must mail your exclusion request postmarked no later than **[DATE]** to:

IvyRehab Settlement Administrator
c/o [Administrator]
[Administrator Address]
[Administrator Address]

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

Yes. The Court appointed Gary E. Mason of Mason Lietz & Klinger LLP, 5101 Wisconsin Avenue NW, Suite 305, Washington, DC 20016, and Gary M. Klinger of Mason Lietz & Klinger LLP, 227 W. Monroe Street, Suite 2100, Chicago, Illinois 60606, to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. How will Class Counsel be paid?

If the Settlement is approved and becomes final, Class Counsel will ask the Court to award combined attorneys' fees and costs in the amount of $150,000. Class Counsel will also request approval of an incentive award of $1,000 for each Class Representative. If approved, these amounts, as well as the costs of notice and settlement administration, will be paid separately by IvyRehab and will not reduce the amount of total payments available to Settlement Class Members.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

---

**19. How do I tell the Court that I do not like the Settlement?**

---

If you are a Settlement Class member, you can object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views before making a decision. To object, you must file with the Court and mail copies to Class Counsel and IvyRehab's Counsel a written notice stating that you object to the Settlement in *Baksh et al. v. IvyRehab Network, Inc.*, Case No. 7:20-cv-0184.

Your objection must include:

1) the title of the case;

2) your name, address, and telephone number;

3) the approximate date when you were a patient at an IvyRehab facility;

4) all legal and factual bases for any objection; and

5) copies of any documents that the you want the Court to consider.

Should you wish to appear at the Final Approval Hearing, you must so state, and must identify any documents or witnesses you intend to call on your behalf.

Your objection must be filed with the Clerk of District Court for the Southern District of New York, White Plains Division, 300 Quarropas Street, White Plains, New York 10601-4150, no later than **[DATE]**. You must also mail copies of your objection to Class Counsel and Ivy Rehab's Counsel postmarked no later than **[DATE]**, at all of the addresses below.

| CLASS COUNSEL | | IVYREHAB'S COUNSEL | |
|---|---|---|---|
| Gary Mason David K. Lietz **MASON LIETZ & KLINGER LLP** 5101 Wisconsin Avenue NW, Suite 305 Washington, DC 20016 | Gary M. Klinger **MASON LIETZ & KLINGER LLP** 227 W. Monroe Street, Suite 2100 Chicago, Illinois 60606 | Anjali C. Das Jennifer S. Stegmaier **Wilson Elser Moskowitz Edelman and Dicker LLP** 55 West Monroe Street, Suite 3800 Chicago, IL 60603 | David M. Ross **Wilson Elser Moskowitz Edelman and Dicker LLP** 1500 K Street, NW, Suite 330 Washington, DC 20005 |

---

**20. What is the difference between objecting to and excluding myself from the Settlement?**

---

Objecting is telling the Court that you do not like something about the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Class in this Settlement. If you exclude yourself from the Settlement, you have no basis to object or submit a Claim Form because the Settlement no longer affects you.

## THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to. You cannot speak at the hearing if you exclude yourself from the Settlement.

### 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing at **[TIME AND DATE]**, in the District Court for the Southern District of New York, White Plains Division, 300 Quarropas Street, White Plains, New York 10601-4150. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will take into consideration any properly filed written objections and may also listen to people who have asked to speak at the hearing (*see* Question 19). The Court will also decide whether to approve fees and costs to Class Counsel, and the service awards to the Class Representatives.

### 22. Do I have to come to the Final Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you file an objection, you do not have to come to Court to talk about it. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

### 23. May I speak at the Final Fairness Hearing?

Yes, you may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must follow the instructions provided in Question 19 above. You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

### 25. What happens if I do nothing?

If you do nothing, you will not receive any compensation or credit monitoring from this Settlement. If the Court approves the Settlement, you will be bound by the Settlement Agreement, including the release in the Settlement Agreement. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against IvyRehab or related parties about the issues involved in the Lawsuit, resolved by this Settlement, and released by the Settlement Agreement.

## GETTING MORE INFORMATION

### 26. Are more details about the Settlement available?

Yes. This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available [WEBSITE] or by writing to the IvyRehab Settlement Administrator, c/o [Settlement Administrator] [Settlement Administrator Address].

### 27. How do I get more information?

Go to [WEBSITE] or call [TELEPHONE#] or write to the IvyRehab Settlement Administrator, c/o [Settlement Administrator] [Settlement Administrator Address].

*Please do not call the Court or the Clerk of the Court for additional information. They cannot answer any questions regarding the Settlement or the Lawsuit.*

## If you utilized IvyRehab's services and your private information was maintained on IvyRehab's system, compromised in a cybersecurity incident announced on or about November 26, 2019, you may be eligible for benefits from a class action settlement.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web*

A settlement has been proposed in a class action lawsuit against IvyRehab Network, Inc., ("IvyRehab") relating to a cybersecurity incident involving the IvyRehab's system discovered on or about November 26, 2019 (the "Data Incident"). The computer system affected by the Data Incident potentially contained certain personal and protected health information (such as Social Security numbers, health insurance information, and other protected health information) relating to IvyRehab patients.

The lawsuit claims IvyRehab was responsible for the increased risk of identity theft stemming from the Data Incident and asserts claims such as: negligence; negligence per se; breach of express contract; breach of implied contract; breach of fiduciary duty; and violation of New York General Business Law Section 349. The Lawsuit seeks, among other things, payment for persons who were injured by the Data Incident. IvyRehab denies any and all wrongdoing.

**Who is Included?** If you are an individual who utilized IvyRehab's services and your private information was maintained on IvyRehab's system, compromised in the Data Incident, you are a part of the class, and may be eligible for a payment.

**Settlement Benefits.** The Settlement provides for one year of credit monitoring for any Settlement Class Member who submits a valid claim. Additionally, the Settlement also provides for two types of payments to people who submit valid and approved claims: (1) reimbursement of expenses incurred as a result of the Data Incident and (2) a payment of $20 for lost time where at least one full hour was spent exclusively dealing with the Data Incident. The total cash amount provided to individuals who submit valid and approved claims for expense and time reimbursement shall not exceed $75 per person or $150,000 in aggregate. In the event the total value of money claimed and approved for time and expense reimbursement exceeds $150,000, each claim for reimbursement made and approved under the Settlement shall be reduced on a *pro rata* basis until the total is reduced to $150,000. IvyRehab has and will also be taking steps to improve its data security in the future.

**The Only Way To Receive A Benefit Is To File A Claim.** To get a Claim Form, visit [WEBSITE] or [TELEPHONE#]. The claim deadline is **[DATE]**.

**Other Options.** If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue IvyRehab for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by **[DATE]**. If you stay in the Settlement, you may object to it by **[DATE]**. A more detailed notice is available to explain how to exclude yourself or object. Please visit the website or call [TELEPHONE #] for a copy of the more detailed notice. On **[DATE]**, the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees and costs of $150,000, and an incentive award of $1,000 for each Class Representative. The motion for attorneys' fees and costs will be posted on the website after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

For more information about the Settlement, visit [WEBSITE] or call [TELEPHONE#]
**All capitalized terms in this notice are defined in the Settlement Agreement**

To whom it may concern:

**If you utilized IvyRehab's services and your private information was maintained on IvyRehab's system, compromised in a cybersecurity incident announced on or about November 26, 2019, you may be eligible for benefits from a class action settlement.** *(Si desea recibir esta notificación en español, llámenos o visite nuestra página web)*

A settlement has been proposed in a class action lawsuit against IvyRehab Network, Inc., ("IvyRehab") relating to a cybersecurity incident involving the IvyRehab's systems discovered on or about November 26, 2019 (the "Data Incident"). The computer systems affected by the Data Incident potentially contained certain personal and protected health information (such as Social Security numbers, health insurance information, and other protected health information) relating to IvyRehab patients.

The lawsuit claims IvyRehab was responsible for the increased risk of identity theft stemming from the Data Incident and asserts claims such as: negligence; negligence per se; breach of express contract; breach of implied contract; breach of fiduciary duty; and violation of New York General Business Law Section 349. The lawsuit seeks, among other things, payment for persons who were injured by the Data Incident. IvyRehab denies any and all wrongdoing.

**Who is Included?** If you are an individual who utilized IvyRehab's services and your private information was maintained on IvyRehab's system, compromised in the Data Incident you are a part of the class, and may be eligible for a payment.

**Settlement Benefits.** The Settlement provides for one year of credit monitoring for any Settlement Class Member who submits a valid claim. Additionally, the Settlement also provides for two types of payments to people who submit valid and approved claims: (1) reimbursement of expenses incurred as a result of the Data Incident and (2) a payment of $20 for lost time where at least one full hour was spent exclusively dealing with the Data Incident. The total cash amount provided to individuals who submit valid and approved claims for expense and time reimbursement shall not exceed $75 per person or $150,000 in aggregate. In the event the total value of money claimed and approved for time and expense reimbursement exceeds $150,000, each claim for reimbursement made and approved under the Settlement shall be reduced on a *pro rata* basis until the total is reduced to $150,000. IvyRehab has and will also be taking steps to improve its data security in the future.

**The Only Way To Receive A Benefit Is To File A Claim.** To get a Claim Form, visit [WEBSITE] or [TELEPHONE#]. The claim deadline is **[DATE]**.

**Other Options.** If you do nothing, you will remain in the class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue IvyRehab for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by **[DATE]**. If you stay in the Settlement, you may object to it by **[DATE]**. A more detailed notice is available to explain how to exclude yourself or object. Please visit the website or call [TELEPHONE #] for a copy of the more detailed notice. On **[DATE]**, the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class

Counsel's request for attorneys' fees and costs of $150,000, and an incentive award of $1,000 for each Class Representative. The motion for attorneys' fees and costs will be posted on the website after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

For more information about the Settlement, visit [WEBSITE] or call [TELEPHONE#] **All capitalized terms in this notice are defined in the Settlement Agreement.**

Exhibit 2

# If your private information was in the possession of St. Francis Medical Center and potentially impacted by the cybersecurity incident discovered on or about September 21, 2019, you may be eligible for a payment from a class action settlement.

*Para una notificación en Español, visitar [WEB ADDRESS]*

*A federal court authorized this Notice. This is not junk mail, an advertisement, or a solicitation from a lawyer.*

- A settlement has been proposed in a class action lawsuit against Saint Francis Healthcare System, ("Saint Francis") relating to a cybersecurity incident involving the legacy systems of Ferguson Medical Group discovered on or about September 21, 2019 (the "Ransomware Attack" or "Incident"). The computer systems affected by the Incident potentially contained certain personal and protected health information (such as Social Security numbers, health insurance information, and other protected health information) relating to Ferguson Medical Group patients.

- If you are an individual whose Private Information was received, gathered, shared, obtained, or otherwise found itself in the possession of Saint Francis Medical Center and was potentially impacted by the Ransomware Attack, you are a part of the class, and may be eligible for a payment.

- The Settlement provides payments to people who submit valid claims for out-of-pocket expenses and charges that were incurred and arose from the Ransomware Attack.

- Your legal rights are affected regardless of whether you do or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you can get payment. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will not get any payment from the Settlement, but you also will not release your claims against Saint Francis. This is the only option that allows you to be part of any other lawsuit against Saint Francis or related parties for the legal claims resolved by this Settlement. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court with reasons why you do not agree with the Settlement. |
| **GO TO THE FINAL FAIRNESS HEARING** | You may ask the Court for permission for you or your attorney to speak about your objection at the Final Fairness Hearing. |
| **DO NOTHING** | You will not get any credit monitoring or compensation from this Settlement and you will give up certain legal rights. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice. For complete details, view the Settlement Agreement, [WEBSITE] or call [TELEPHONE #].

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement. Payments will only be made after the Court grants final approval of the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 3
    1.  Why is this Notice being provided?
    2.  What is this lawsuit about?
    3.  What is a class action?
    4.  Why is there a Settlement?

**WHO IS INCLUDED IN THE SETTLEMENT?** . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . PAGE 3
    5.  How do I know if I am part of the Settlement?
    6.  Are there exceptions to being included in the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** . . . . . . . . . . . . . . . . PAGE 4
    7.  What does the Settlement provide?
    8.  What Settlement benefits are available?

**HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM** . . . . . . . . . . . . . . . . . . . . . . . . PAGE 5
    9.  How do I get benefits from the Settlement?
    10.  How will claims be decided?
    11.  When will I get my payment?

**REMAINING IN THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 5
    12.  Do I need to do anything to remain in the Settlement?
    13.  What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 6
    14.  If I exclude myself, can I still get payment from the Settlement?
    15.  If I do not exclude myself, can I sue Saint Francis for the same thing later?
    16.  How do I get out of the Settlement?

**THE LAWYERS REPRESENTING YOU** . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . PAGE 6
    17.  Do I have a lawyer in this case?
    18.  How will Class Counsel be paid?

**OBJECTING TO THE SETTLEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 7
    19.  How do I tell the Court that I do not like the Settlement?
    20.  What is the difference between objecting to and excluding myself from the Settlement?

**THE COURT'S FINAL FAIRNESS HEARING** . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . PAGE 8
    21.  When and where will the Court decide whether to approve the Settlement?

    22.  Do I have to come to the Final Fairness Hearing?
    23.  May I speak at the Final Fairness Hearing?

**IF YOU DO NOTHING** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 8
    24.  What happens if I do nothing?

**GETTING MORE INFORMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . PAGE 9
    25.  Are more details about the Settlement available?
    26.  How do I get more information?

## BASIC INFORMATION

| 1. Why is this Notice being provided? |
|---|

The Court directed that this Notice be provided because you have a right to know about a proposed settlement that has been reached in this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. If the Court approves the Settlement, and after objections or appeals, if any, are resolved, the Settlement Administrator appointed by the Court will distribute the payments and other relief that the Settlement allows. This Notice explains the lawsuit, the Settlement, your legal rights, what payments are available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Eastern District of Missouri, Cape Girardeau Division. The case is known as *Mowery et al. v. Saint Francis Healthcare System*, Case No. 1:20-cv-00013-SRC (the "Lawsuit"). The people who filed the Lawsuit are called Plaintiffs and the entity they sued, Saint Francis Healthcare System, is called the Defendant.

| 2. What is this lawsuit about? |
|---|

The Lawsuit claims Saint Francis was responsible for the increased risk of fraud and identity theft stemming from the Ransomware Attack and asserts claims such as: negligence; negligence per se; intrusion upon seclusion/invasion of privacy; violation of the Missouri Merchandise Practices Act; breach of fiduciary duty; breach of express contract; and breach of implied contract. The Lawsuit seeks, among other things, payment for persons who were injured by the Ransomware Attack.

Saint Francis has denied and continues to deny all of the claims made in the Lawsuit, as well as all charges of wrongdoing or liability against it.

| 3. What is a class action? |
|---|

In a class action, one or more people called Class Representatives (in this case, Theresa Mowery and Gregory Rutledge) sue on behalf of people who have similar claims. Together, all these people are called a Class or Class Members. One Court and one judge resolves the issues for all Class Members, except for those who exclude themselves from the Settlement Class.

| 4. Why is there a Settlement? |
|---|

The Court did not decide in favor of the Plaintiffs or Saint Francis. Instead, the Plaintiffs negotiated a settlement with Saint Francis that allows both Plaintiffs and Saint Francis to avoid the risks and costs of lengthy and uncertain litigation and the uncertainty of a trial and appeals. It also allows Settlement Class Members to obtain payment without further delay. The Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members. This Settlement does not mean that Saint Francis did anything wrong.

## WHO IS INCLUDED IN THE SETTLEMENT?

| 5. How do I know if I am part of the Settlement? |
|---|

You are part of this Settlement as a Settlement Class Member if your Private Information was received, gathered, shared, obtained, or otherwise found itself in the possession of Saint Francis Medical Center and potentially impacted by the cybersecurity incident involving the legacy systems of Ferguson Medical Group discovered on or about September 21, 2019.

**6. Are there exceptions to being included in the Settlement?**

Yes. Specifically excluded from the Settlement Class are: (i) Saint Francis' officers, directors, and employees; (ii) any entity in which Saint Francis has a controlling interest; and (iii) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Saint Francis. Also excluded from the Class are members of the judiciary to whom this case is assigned, their families and members of their staff.

### THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

**7. What does the Settlement provide?**

The Settlement will provide credit monitoring and payments to people who submit valid claims, as well as implementation of increased data security measures at Saint Francis.

There are three types of claims-based remedies that are available: (1) Credit Monitoring and Identity Theft Restoration Services; (2) Expense Reimbursement (Question 8, below) and (2) Time Reimbursement (Question 8, below). You may submit a claim for either or both types of payments. In order to claim each type of remedy, you must provide related documentation with the Claim Form.

The total amount of money paid by Saint Francis for Credit Monitoring and Identity Theft Restoration Services, Expense Reimbursement, and Time Reimbursement shall not exceed $350,000. In the event the total amount of money claimed for Credit Monitoring and Identity Theft Restoration, Expense Reimbursement, and Time Reimbursement exceeds $350,000, each claim made under the Settlement Agreement shall be reduced on a pro rata basis until the total is reduced to $350,000.

The Settlement also provides that Saint Francis will implement data security measures detailed in the Settlement Agreement available at [WEBSITE].

**8. What settlement benefits are available?**

Class Members are each individually eligible to receive a total of $280 in value. Experian Credit Monitoring and Identity Theft Restoration Services for a 12-month period, valued at $100, will be made available to every Class Member who makes a claim.

Qualified class members are further eligible to claim reimbursement of up to $180 (in total) for the out-of-pocket medical expenses and time expenses resulting from the Incident:

- Settlement Class Members who received services at Ferguson Medical Group from September 20, 2018, through December 31, 2018, and who claim they suffered out-of-pocket medical expenses as a result of the Incident, shall be entitled to reimbursement of such amount, up to $100 per valid claim. Claimants must submit reasonable documentation supporting the claim for expenses. Settlement Class Members are not entitled to reimbursement for expenses that have already been reimbursed through any other source.

- Settlement Class Members who received services at Ferguson Medical Group from September 20, 2018, through December 31, 2018, and who claim they suffered a disruption of medical care, treatment, or services as a result of the breach, shall be entitled to reimbursement for the time expended addressing or resolving the disruption. Claimants must submit reasonable documentation supporting the claim for expenses. Settlement Class Members can also submit a self-verifying statement for time spent dealing with the effects of the Incident and be reimbursed for up to four (4) hours at $20 per hour under this claim. This statement must include a detailed explanation of the disruption to medical care, treatment, or services, the activities related to the Incident for which the time was spent addressing or resolving the disruption, and the time spent for each of those activities.

.

### HOW TO GET BENEFITS—SUBMITTING A CLAIM FORM

| **9. How do I get benefits from the Settlement?** |
|---|

To ask for a payment or credit monitoring service, you must complete and submit a Claim Form. Claim Forms are available at [WEBSITE] or you may request one by mail by calling [TELEPHONE#]. Read the instructions carefully, fill out the Claim Form, and mail it postmarked no later than **[DATE]** to:

Saint Francis Settlement
Administrator c/o [Administrator]
[Administrator Address]
[Administrator Address]

| **10. How will claims be decided?** |
|---|

The Settlement Administrator will initially decide whether the information provided on a Claim Form is complete and valid. The Settlement Administrator may require additional information from any claimant. If the required information is not timely provided, the claim will be considered invalid and will not be paid, and credit monitoring will not be provided.

If the claim is complete and the Settlement Administrator denies the claim entirely or partially, Class Counsel will have the opportunity to review the denied claims and challenge any denials.

| **11. When will I get my payment?** |
|---|

The Court will hold a Final Fairness Hearing at [**time and date and location**] to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether any appeals can be resolved favorably, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed, depending on the number of claims submitted and whether any appeals are filed. Please be patient.

### REMAINING IN THE SETTLEMENT

| **12. Do I need to do anything to remain in the Settlement?** |
|---|

You do not have to do anything to remain in the Settlement, but if you would like to enroll in Credit Monitoring and Identity Theft Restoration Services or receive payment you must submit a Claim Form postmarked by **[DATE].**

| **13. What am I giving up as part of the Settlement?** |
|---|

If the Settlement becomes final, you will give up your right to sue Saint Francis for the claims being resolved by this Settlement. The specific claims you are giving up against Saint Francis are described in Section II of the Settlement Agreement. You will be "releasing" Saint Francis and all related people or entities as described in Section II of the Settlement Agreement. The Settlement Agreement is available at [WEBSITE].

The Settlement Agreement describes the released claims with specific descriptions, so read it

carefully. If you have any questions about what this means you can talk to the law firms listed in Question 17 for free or you can, of course, talk to your own lawyer at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue Saint Francis about issues in the Litigation, then you must take steps to get out of the Settlement Class. This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

### 14. If I exclude myself, can I still get payment from the Settlement?

No. If you exclude yourself from the Settlement, you will not be entitled to any benefits of the Settlement, but you will not be bound by any judgment in this case.

### 15. If I do not exclude myself, can I sue Saint Francis for the same thing later?

No. Unless you exclude yourself from the Settlement, you give up any right to sue Saint Francis for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form to ask for a payment.

### 16. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail stating that you want to be excluded from the Settlement in as *Mowery et al. v. Saint Francis Healthcare System*, Case No. 1:20-cv-00013-SRC. Your letter must also include your name, address, telephone number, and signature. You must mail your exclusion request postmarked no later than [**DATE**] to:

Saint Francis Settlement Administrator
c/o [Administrator]
[Administrator Address]
[Administrator Address]

## THE LAWYERS REPRESENTING YOU

### 17. Do I have a lawyer in this case?

Yes. The Court appointed Gary E. Mason and David K. Lietz of Mason Lietz & Klinger LLP, 5101 Wisconsin Avenue NW, Suite 305 Washington, DC 20016, and Gary M. Klinger of Mason Lietz & Klinger LLP, 227 W. Monroe Street, Suite 2100 Chicago, Illinois 60606, to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18. How will Class Counsel be paid?

If the Settlement is approved and becomes final, Class Counsel will ask the Court to award combined attorneys' fees and costs in the amount of $170,000. Class Counsel will also request approval of an incentive award of $2,500 for each Class Representative. If approved, these amounts, as well as the costs of notice and settlement administration, will be paid separately by Saint Francis and will not reduce the amount of total payments available to Settlement Class Members.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| **19. How do I tell the Court that I do not like the Settlement?** |
| --- |

If you are a Settlement Class member, you can object to the Settlement if you do not like it or a portion of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views before making a decision. To object, you must file with the Court and mail copies to Class Counsel and Saint Francis' Counsel a written notice stating that you object to the Settlement in *Mowery et al. v. Saint Francis Healthcare System*, Case No. 1:20-cv-00013-SRC.

Your objection must include:

1) your full name, address, telephone number, and e-mail address;

2) the name and number of this case;

3) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials;

4) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and

5) the objector's signature.

6) If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel.

7) If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also

8) identify any witnesses he/she may call to testify at the Final Approval Hearing

9) and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection

Your objection must be filed with the Clerk of District Court for the Eastern District of Missouri, Cape Girardeau Division, 555 Independence Street, Cape Girardeau, MO 63703 no later than [**DATE**]. You must also mail copies of your objection to Class Counsel and Saint Francis' Counsel postmarked no later than **[DATE]**, at all of the addresses below.

| **CLASS COUNSEL** | | **SAINT FRANCIS' COUNSEL** |
| --- | --- | --- |
| Gary Mason<br>David K. Lietz<br>**MASON LIETZ & KLINGER LLP**<br>5101 Wisconsin Avenue NW, Suite 305<br>Washington, DC 20016 | Gary M. Klinger<br>**MASON LIETZ & KLINGER LLP**<br>227 W. Monroe Street, Suite 2100<br>Chicago, Illinois 60606 | Zach Chaffee-McClure<br>Colman McCarthy<br>**SHOOK, HARDY & BACON LLP**<br>2555 Grand Blvd., Kansas City, Missouri 64108 |

| **20. What is the difference between objecting to and excluding myself from the Settlement?** |
| --- |

Objecting is telling the Court that you do not like something about the Settlement. Excluding yourself is telling the Court that you do not want to be part of the Class in this Settlement. If you exclude yourself from the Settlement, you have no basis to object or submit a Claim Form because the Settlement no longer affects you.

## THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to. You cannot speak at the hearing if you exclude yourself from the Settlement.

| **21. When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will hold a Final Fairness Hearing at **[TIME AND DATE],** in the District Court for the Eastern District of Missouri, Cape Girardeau Division, 555 Independence Street, Cape Girardeau, MO 63703. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will take into consideration any properly filed written objections and may also listen to people who have asked to speak at the hearing (*see* Question 19). The Court will also decide whether to approve fees and costs to Class Counsel, and the service awards to the Class Representatives.

| **22. Do I have to come to the Final Fairness Hearing?** |
| --- |

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you file an objection, you do not have to come to Court to talk about it. You may also hire your own lawyer to attend, at your own expense, but you are not required to do so.

| **23. May I speak at the Final Fairness Hearing?** |
| --- |

Yes, you may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must follow the instructions provided in Question 19 above. You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

| **25. What happens if I do nothing?** |
| --- |

If you do nothing, you will not receive any compensation from this Settlement. If the Court approves the Settlement, you will be bound by the Settlement Agreement and the Release. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Saint Francis or related parties about the issues involved in the Lawsuit, resolved by this Settlement, and released by the Settlement Agreement.

## GETTING MORE INFORMATION

| **26. Are more details about the Settlement available?** |
| --- |

Yes. This Notice summarizes the proposed Settlement. More details are in the Stipulation and Settlement Agreement, which is available [WEBSITE]or by writing to the Saint Francis Settlement Administrator, c/o [Settlement Administrator] [Settlement Administrator Address].

| **27. How do I get more information?** |
| --- |

Go to [WEBSITE] or call [TELEPHONE#] or write to the Saint Francis Settlement Administrator, c/o [Settlement Administrator] [Settlement Administrator Address].

**Please do not call the Court or the Clerk of the Court for additional information.**
**They cannot answer any questions regarding the Settlement or the Lawsuit**

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On March 27, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 27, 2025, at Wilton, Connecticut.

*/s/ Brian P. Murray*
Brian P. Murray