**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JADYN NEWMAN, individually and on behalf of classes of similarly situated individuals,<br><br>     Plaintiffs,<br><br> v.<br><br>AUDIENCEVIEW TICKETING CORPORATION and UNIVERSITYTICKETS.COM, INC.,<br><br>     Defendant. | Case No.: 1:23-cv-03764-VEC<br><br>**DECLARATION OF KEVIN BALHOFF IN SUPPORT OF FINAL APPROVAL** |
| RICHARD Z. TOLEDO, individually and on behalf of classes of similarly situated individuals,<br><br>     Plaintiffs,<br><br> v.<br><br>AUDIENCEVIEW TICKETING CORPORATION and UNIVERSITYTICKETS.COM, INC.,<br><br>     Defendant. | |

**DECLARATION OF KEVIN BALHOFF**

I, Kevin Balhoff, hereby declare and state as follows:

**I.   Introduction**

1.  ***Personal Information***. I am a Project Manager for Eisner Advisory Group, LLC ("EisnerAmper")[1], a full-service administration firm providing legal administration services, including the design, development, and implementation of unbiased complex legal notification programs. The courts have consistently acknowledged both the credibility of our team (curriculum vitae attached hereto as **Exhibit A**) and the effectiveness of our class action notice plans. EisnerAmper was retained as the Settlement Administrator in

---

[1] As of May 21, 2023, the directors & employees of Postlethwaite & Netterville, APAC ("P&N") joined EisnerAmper as EAG Gulf Coast, LLC. Where P&N is named as an entity, EAG Gulf Coast, LLC employees will service work contracted with P&N.

this case, and, as the project manager over this Settlement, I am personally familiar with the facts set forth in this declaration.

2.    ***The Capacity and Basis of this Declaration and Verification.*** I am over the age of 21. Except as otherwise noted, the matters set forth in this Declaration and Verification are based upon my personal knowledge, information received from the parties in this proceeding, and information provided by my colleagues at EisnerAmper and our Partners.

3.    As the duly appointed Settlement Administrator, I verify compliance with the Notice requirements contained in the Settlement Agreement, and the Court's Preliminary Approval Order.

## II.    <u>Background</u>

4.    ***Preliminary Approval.*** On October 31, 2024,  the Court entered its order preliminarily approving the Settlement Agreement and the appointment of EisnerAmper as Settlement Administrator. After the Court's preliminary approval of the Settlement, EisnerAmper began to implement and coordinate the Notice Program.

5.    ***The Purpose of this Declaration and Verification.*** I submit this Declaration to evidence EisnerAmper's compliance with the terms of the Preliminary Approval Order, to detail EisnerAmper's execution of its role as the Settlement Administrator, and to verify compliance with the Notice requirements contained in the Settlement Agreement, and the Court's Preliminary Approval Order.

## III.    <u>Class Action Fairness Act Notice ("CAFA")</u>

6.    ***CAFA Notice.*** On September 30, 2024, pursuant to 28 U.S.C. §1715(b), EisnerAmper, on behalf of the Defendant, caused notice of this Settlement and related materials to be sent to the Attorneys General of all U.S. states, District of Columbia, Puerto Rico, as well as the Attorney General of the United States. As of March 26, 2025, EisnerAmper has not received any objection from any Attorney General. A copy of the CAFA Notice and service list are attached as **Exhibit B**.

## IV.    <u>Class Notice Program Execution</u>

7.    ***Notice Database.*** EisnerAmper maintains a database of 13,155 Settlement Class Members ("Class Notice List") which was used to effectuate the Notice Program as outlined within the Settlement Agreement.

EisnerAmper received the class data on November 11, 2024, in three Excel files with a total of 13,157 records. After deduplicating the data, EisnerAmper determined that the Settlement Class Member population consists of 13,155 unique records. Of the 13,155 records, 13,021 had an address sufficient to attempt mailing and 12,610 contained an Email address.

8.      *Email Notice*. Beginning on November 27, 2024, EisnerAmper caused the Short-Form Notice to be sent via email ("Email Notice") to the 12,610 email addresses on the Class Notice List. Ultimately, the Email Notice was successfully delivered to 12,549 email addresses. A true and correct copy of the Email Notice sent to those deliverable email addresses identified on the Class Notice List is attached hereto as **Exhibit C.**

9.      *Mail Notice*. EisnerAmper coordinated and caused the Short Form Notice in the form of a postcard to be mailed via First-Class Mail ("Postcard Notice") to Settlement Class Members for which a mailing address was available from the class data. The Postcard Notice included (a) the web address to the case website for access to submit a claim and provide additional information, (b) rights and options as a Settlement Class Member and the dates by which to act on those options, and (c) the date of the Final Approval Hearing. The Notice mailing commenced on or before November 27, 2024, in accordance with the Preliminary Approval Order. A true and correct copy of the Postcard Notice is attached hereto as **Exhibit D**.

10.     *Mailing Address Validation.* Prior to the mailing, all mailing addresses were checked against the National Change of Address (NCOA) database maintained by the United States Postal Service ("USPS"). In addition, the addresses were certified via the Coding Accuracy Support System (CASS) to ensure the quality of the zip code and verified through Delivery Point Validation (DPV) to verify the accuracy of the addresses.  Mail notice delivery statistics are detailed in Section 15 below.

11.     *Settlement Post Office Box.* EisnerAmper maintains the following Post Office Box for the Notice Program:

Audienceview Data Settlement Administrator
PO Box 668
Baton Rouge, LA 70821

This P.O. Box serves as a location for the USPS to return undeliverable program mail to EisnerAmper and for Settlement Class Members to submit exclusion requests, Claim Forms, and other settlement-related correspondence. The P.O. Box address appears prominently in all Notices, the Claim Form, and in multiple locations on the Settlement Website. EisnerAmper monitors the P.O. Box daily and uses a dedicated mail intake team to process each item received.

12.    ***Settlement Website.*** On November 27, 2024, EisnerAmper published the Settlement Website, www.AudienceviewDataSettlement.com. Visitors to the Settlement Website can download the Long Form Notice (English & Spanish), the Claim Form, as well as Court Documents, such as the Class Action Complaint, the Settlement Agreement, the Preliminary Approval Order, Orders of the Court, and other relevant documents. Visitors were also able to submit claims electronically, find answers to frequently asked questions (FAQs), important dates and deadlines, and contact information for the Settlement Administrator. As of March 26, 2025, the Settlement Website received 4,594 unique visits.

13.    ***Toll-Free Number.*** On November 27, 2024, EisnerAmper established a dedicated toll-free telephone number, 1-844-699-4710, which is available twenty-four hours per day. Settlement Class Members can call and interact with an interactive voice response system that provides important settlement information and offers the ability to leave a voicemail message to address specific requests or issues. EisnerAmper also provided copies of the Long Form Notice, paper Claim Form, as well as the Settlement Agreement, upon request to Settlement Class Members, through the toll-free number. The toll-free number appeared in all Notices, as well as in multiple locations on the Settlement Website. The toll-free number will remain active through the close of this Settlement Program.

14.    ***Email    Support***.    EisnerAmper    established    an    Email    address, info@AudienceviewDataSettlement.com, to provide an additional option for Settlement Class Members to address specific questions and requests to the Settlement Administrator for support.

### V. Notice Program Reach

15. **Notice Reach Results.** Through the Notice procedures outlined above, EisnerAmper attempted to send direct notice to 13,149 (99.95%) Settlement Class Members for which a mail or email address were available. As of March 26, 2025, the Notice Program reached a total of 13,073 (99.37%) of Settlement Class Members. Table 1 below provides an overview of dissemination results for the Notice Program and reach statistics for the Notice Program.

| Table 1: Direct Notice Program Dissemination & Reach | | |
|---|---|---|
| **Description** | **Volume of Class Members** | **Percentage of Class Members** |
| Class Members | 13,155 | 100.00% |
| Email Notice | | |
| Total Unique Notices Email | 12,610 | 95.85% |
| Email Notices Bounced/Undeliverable | 61 | 0.5% |
| Mail Notice | | |
| Total Notices Mailed | 13,021 | 98.98% |
| Notices updated via NCOA, Forwarding, or Skip Trace | 907 | 6.8% |
| Notices Returned as Undeliverable | 909 | 6.9% |
| Direct Notice Program Reach | | |
| (+) Received Both Email and Mail Notice | 11,588 | 88.09% |
| (+) Received Only Email Notice | 960 | 7.29% |
| (+) Received Only Mailed Notice | 525 | 3.99% |
| **(=) Received Direct Notice** | **13,073** | **99.37%** |

## V.     Claim Activity

16. **Claim Intake and Processing.** The online claim submission feature was available beginning November 27, 2024. As of March 26, 2025, EisnerAmper has received a total of 893 claims submissions, of which 578 claims have been determined to be non-duplicative and from Settlement Class Members. Table 2 below provides summary statistics of claim submissions received as of March 26, 2025.

| Table 2: Claim Statistics | |
|---|---|
| **Description** | **Volume (#)** |
| **Total Claims Received** | **893** |
| (-) Duplicate Claims Identified | 46 |
| (-) Invalid Claims - Not a Class Member | 269 |
| (-) Invalid Claims - Late | 0 |
| **(=) Net Claims Received** | **578** |

If the Court awards the requested attorneys' fees, costs, incentive awards, and administrative costs (as outlined in Paragraph 19 below), the Settlement Class recovery amount will be $243,049.14 as shown in Table 3 below.

| Table 3: Fund Summary | |
|---|---|
| **Description** | **Amount ($)** |
| **Total Fund Size** | **$435,000.00** |
| (-) Requested Attorneys' Fees and Expenses | $130,500.00 |
| (-) Service Awards | $7,000.00 |
| (-) Administration Costs | $54,450.86 |
| **(=) Net Settlement Fund** | **$243,049.14** |
| Dollars Recommended for Payment (Includes Max Pro Rata Increase) | $138,821.09 |
| Dollars Left Over for Cy Pres | $104,228.05 |

Table 4 below provides a summary of EisnerAmper's determination for the net claims received by category and the associated dollar amount approved. EisnerAmper will continue to intake and analyze claims postmarked by the claims filing deadline of January 29, 2025.

| Table 4: Net Claims by Category | | | |
|---|---|---|---|
| **Claim Form Category** | **Claimed** | **Reviewed** | **Approved** |
| **Alternative Cash Payment Claimed** | 457 | 457 | 457 |
| **Allternative Cash Payment Dollars ($225 per claim)*** | $ 102,825.00 | $ 102,825.00 | $ 102,825.00 |
| **Attested Time** | 121 | 121 | 121 |
| **Attested Time Hours** | 406.32 | 406.32 | 406.32 |
| **Attested Time Dollars ($75 dollars per Hour)*** | $ 10,158.00 | $ 10,158.00 | $ 30,474.00 |
| **Out-of-pocket Loss** | 23 | 23 | 7 |
| **Out-of-pocket Loss Dollars** | $ 32,534.39 | $ 32,534.39 | $ 5,522.09 |

*Dollars shown reflect pro rata adjustments in accordance with paragraph 68 of the Settlement agreement.

## VI.    Exclusions and Objections

17.    ***Exclusions (Opt-Outs) Received.*** EisnerAmper has received two (2) exclusion requests from

Settlement Class Members as of March 26, 2025.  The deadline to submit a request for exclusion was January 29, 2025. A list of individuals who have timely requested exclusion from the Settlement is attached hereto as **Exhibit E.**

18.     ***Settlement Objections.*** EisnerAmper has not received any objections from Settlement Class Members. The deadline to object to the Settlement was January 29, 2025.

## VII.    Costs of Notice Program

19.     ***Costs of Notice Program.*** EisnerAmper has incurred $44,450.86 in Notice and Administrative Expenses to date. Eisner Amper estimates to incur an additional $10,000.00 through completion of the case, for a total of $54,450.86 in Notice and Administration Expenses.

## VIII.   Certification

I, Kevin Balhoff, declare under the penalty of perjury under the laws of the State of New York that the foregoing is true and correct. Executed on this 26th day of March, 2025 at Atlanta, Georgia.

_____
Kevin Balhoff

Exhibit A: CV of EisnerAmper



# Class & Mass Action Settlement Administration

## Our Approach

EisnerAmper provides pre-settlement consulting and post-settlement administration services in connection with lawsuits pending in state and federal courts nationwide. Since 1999, EisnerAmper professionals have processed more than $14 billion dollars in settlement claims. Our innovative team successfully administers a wide variety of settlements, and our industry-leading technology enables us to develop customizable administration solutions for class and mass action litigations.

> EisnerAmper professionals have processed more than $14 billion dollars in settlement claims.

## Sample Case Experience*



### Environmental/Toxic Torts

- In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico (MDL 2179)
- In re: FEMA Trailer Formaldehyde Products Liability Litigation (MDL 1873)
- Sanchez et al v. Texas Brine, LLC et al.
- Burmaster et al. v. Plaquemines Parish Government, et al.
- Cajuns for Clean Water, LLC et al. v. Cecilia Water Corporation, et al.
- Cooper, et al. v. Louisiana Department of Public Works
- Maturin v. Bayou Teche Water Works
- Chevron Richmond Refinery Fire Settlement
- Chapman et al. v. voestalpine Texas LLC, et al.



### Consumer

- Jones et al. v. Monsanto Co.
- Hadley, et al. v. Kellogg Sales Co.
- McMorrow, et al. v. Mondelez International, Inc
- Krommenhock, et al. v. Post Foods, LLC
- Hanson v. Welch Foods Inc.
- Siddle et al. v. The Duracell Co. et al.
- Copley, et al. v. Bactolac Pharmaceutical, Inc.
- Hughes et al. v. AutoZone Parts Inc. et al.
- Winters v. Two Towns Ciderhouse, Inc.
- Burford et al. v. Cargill, Incorporated
- Fabricant v. AmeriSave Mortgage Corp. (TCPA)
- Makaron v. Enagic USA, Inc. (TCPA)
- Prescod et al. v. Celsius Holdings, Inc.
- Gilmore v. Monsanto Co.



### Antitrust

- In re: Cathode Ray Tube (CRT) Antitrust Litigation (MDL 1917)[4]
- In re: Interior Molded Doors Antitrust Litigation (Indirect)



### Mass Torts

- In re: E.I. du Pont de Nemours and Company C8 Personal Injury Litigation (MDL 2433)[1]
- In re: Testosterone Replacement Therapy Products Liability Litigation (MDL 2545)[1]
- In re: Paraquat Products Liability Litigation (MDL 3004)[1]
- In re: Paragard Products Liability Litigation (MDL 2974)
- In re: Roundup Products Liability Litigation (MDL 2741)[2]
- Essure Product Liability Settlement[3]
- Porter Ranch (JCCP 4861)



### Data Breach/Privacy

- Miracle-Pond, et al. v. Shutterfly
- Baldwin et al. v. National Western Life Insurance Co.
- Jackson-Battle, et al. v. Navicent Health, Inc.
- Bailey, et al. v. Grays Harbor County Public Hospital No. 2
- In re: Forefront Data Breach Litigation
- Easter et al. v. Sound Generations
- Rivera, et al. v. Google LLC
- Acaley v. Vimeo, Inc.



### Mass Arbitration

- T-Mobile
- Uber
- Postmates
- Instacart
- Intuit



### Other Notable Cases

- Brown, et al. v. State of New Jersey DOC (Civil Rights)
- Slade v. Progressive (Insurance)

*Work performed as Postlethwaite & Netterville, APAC (P&N)*
[1]*Services provided in cooperation with the Court-Appointed Special Master*
[2]*Appointed As Common Benefit Trustee*
[3]*Inventory Settlement*

"EisnerAmper" is the brand name under which EisnerAmper LLP and Eisner Advisory Group LLC and its subsidiary entities provide professional services. EisnerAmper LLP and Eisner Advisory Group LLC practice as an alternative practice structure in accordance with the AICPA Code of Professional Conduct and applicable law, regulations and professional standards. EisnerAmper LLP is a licensed independent CPA firm that provides attest services to its clients, and Eisner Advisory Group LLC and its subsidiary entities provide tax and business consulting services to their clients. Eisner Advisory Group LLC and its subsidiary entities are not licensed CPA firms. The entities falling under the EisnerAmper brand are independently owned and are not liable for the services provided by any other entity providing services under the EisnerAmper brand. Our use of the terms "our firm" and "we" and "us" and terms of similar import, denote the alternative practice structure conducted by EisnerAmper LLP and Eisner Advisory Group LLC.

**EISNERAMPER**

EAG Gulf Coast, LLC

# EAG Claims Administration Experience

## SAMPLE JUDICIAL COMMENTS

- ***Hezi v. Celsius Holdings, Inc.***, No. 1:21-CV-09892-VM (S.D.N.Y.), Judge Jennifer H. Rearden on April 5, 2023:

  *The Court finds and determines that the notice procedure carried out by Claims Administrator Postlethwaite & Netterville, APAC ("P&N") afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the Notice was the best notice practicable, and has satisfied the requirements of law and due process .*

- ***Scott Gilmore et al. v. Monsanto Company, et al.***, No. 3:21-CV-8159 (N.D. Cal.), Judge Vince Chhabria on March 31, 2023:

  *The Court finds that Class Notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and the Notice Plan. The Court further finds that this provided the best notice to the Class practicable under the circumstances, fully satisfied due process, met the requirements of Rule 23 of the Federal Rules of Civil Procedure, and complied with all other applicable law.*

- ***John Doe et al. v. Katherine Shaw Bethea Hospital and KSB Medical Group, Inc.***, No. 2021L00026 (Fifteenth Judicial Circuit of Illinois, Lee County), on March 28, 2023:

  *The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- ***Sanders et al. v. Ibex Global Solutions, Inc. et al.***, No. 1:22-CV-00591 (D.D.C.), Judge Trevor N. McFadden on March 10, 2023:

  *An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

EAG Gulf Coast, LLC is a subsidiary of Eisner Advisory Group LLC. "EisnerAmper" is the brand name under which EisnerAmper LLP and Eisner Advisory Group LLC and its subsidiary entities provide professional services. EisnerAmper LLP and Eisner Advisory Group LLC are independently owned firms that practice in an alternative practice structure in accordance with the AICPA Code of Professional Conduct and applicable law, regulations and professional standards. EisnerAmper LLP is a licensed CPA firm that provides attest services, and Eisner Advisory Group LLC and its subsidiary entities provide tax and business consulting services. Eisner Advisory Group LLC and its subsidiary entities are not licensed CPA firms.

- ***Vaccaro v. Super Care, Inc.,*** No. 20STCV03833 (Cal. Superior Court), Judge David S. Cunningham on March 10, 2023:

    *The Class Notice provided to the Settlement Class conforms with the requirements of California Code of Civil Procedure § 382, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Class Members. The notice fully satisfied the requirements of Due Process.*

- ***Gonshorowski v. Spencer Gifts, LLC***,   No. ATL-L-000311-22 (N.J. Super. Ct.), Judge Danielle Walcoff on March 3, 2023:

    *The Court finds that the Notice issued to the Settlement Class, as ordered in the Amended Preliminary Approval Order, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with New Jersey Court Rules 4:32-2(b)(2) and (e)(1)(B) and due process.*

- ***Vaccaro v. Delta Drugs II, Inc.,*** No. 20STCV28871 (Cal. Superior Court), Judge Elihu M. Berle on March 2, 2023:

    *The Class Notice provided to the Settlement Class conforms with the requirements of California Code of Civil Procedure § 382, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Class Members. The notice fully satisfied the requirements of Due Process.*

- ***Pagan, et al. v. Faneuil, Inc.***, No. 3:22-CV-297 (E.D. Va), Judge Robert E. Payne on February 16, 2023:

    *The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.*



- ***LaPrairie v. Presidio, Inc., et al.***, No. 1:21-CV-08795-JFK (S.D.N.Y.), Judge Andrew L. Carter, Jr. on December 12, 2022:

  > *The Court hereby fully, finally and unconditionally approves the Settlement embodied in the Settlement Agreement as being a fair, reasonable and adequate settlement and compromise of the claims asserted in the Action. The Class Members have been given proper and adequate notice of the Settlement, fairness hearing, Class Counsel's application for attorneys' fees, and the service award to the Settlement Class Representative. An affidavit or declaration of the Settlement Administrator's compliance with the Notice process has been filed with the Court. The Notice process as set forth in the Settlement Agreement and ordered in the Preliminary Approval Order constitutes the best notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in accordance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Nelson v. Bansley & Kiener, LLP***, No. 2021-CH-06274 (Circuit Court of Cook County, IL), Judge Sophia H. Hall on November 30, 2022:

  > *The court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with requirements of 735 ILCS 5/2-801, et seq.*

- ***Buck, et al. v. Northwest Commercial Real Estate Investments, LLC, et al***, No. 21-2-03929-1-SEA (Superior Court King County, WA), Judge Douglass A. North on September 30, 2022:

  > *Pursuant to the Court's Preliminary Approval Order, Postcard Notice was distributed to the Class by First Class mail and Email Notice was distributed to all Class Members for whom the Settlement Administrator had a valid email address. The Court hereby finds and concludes that Postcard and Email Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement and in compliance with the Court's Preliminary Approval Order. The Court further finds and concludes that the Postcard and Email Notice, and the distribution procedures set forth in the Settlement fully satisfy CR 23(c)(2) and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Class who could be identified through reasonable effort, provided an opportunity for the Class Members to object or exclude themselves from the Settlement, and support the Court's exercise of jurisdiction over the Settlement Class Members as contemplated in the Settlement and this Final Approval Order.*



- ***Rivera, et al. v. Google LLC,*** No. 2019-CH-00990 (Circuit Court of Cook County, IL), Judge Anna M. Loftus on September 28, 2022:

  *Pursuant to this Court's Order granting preliminary approval of the Settlement, Postlethwaite & Netterville, APAC ("P&N") served as Settlement Administrator. This Court finds that the Settlement Administrator performed all duties thus far required as set forth in the Settlement Agreement.*

  *The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise the Settlement Class Members of their rights.*

- ***Davonna James, individually and on behalf of all others similarly situated v. CohnReznick LLP***, No. 1:21-cv-06544 (S.D.N.Y.), Judge Lewis J. Liman on September 21, 2022:

  *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Patricia Davidson, et al. v. Healthgrades Operating Company, Inc.***, No. 21-cv-01250-RBJ (D. Colo), Judge R. Brooke Jackson on August 22, 2022:

  *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2).*

- ***Hosch et al. v. Drybar Holdings LLC,*** No. 2021-CH-01976 (Circuit Court of Cook County, IL), Judge Pamela M. Meyerson on June 27, 2022:

  *The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed*



*Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- ***Baldwin et al. v. National Western Life Insurance Company,*** No. 2:21-cv-04066-WJE (W.D. MO), Judge Willie J. Epps, Jr. on June 16, 2022:

  *The Court finds that such Notice as therein ordered, constituted the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).*

- ***Chapman et al. v. voestalpine Texas Holding LLC,*** No. 2:17-cv-174 (S.D. Tex.), Judge Nelva Gonzales Ramos on June 15, 2022:

  *The Class and Collective Notice provided pursuant to the Agreement and the Order Granting Preliminary Approval of Class Settlement:*

  *(a) Constituted the best practicable notice, under the circumstances;*
  *(b) Constituted notice that was reasonably calculated to apprise the Class Members of the pendency of this lawsuit, their right to object or exclude themselves from the proposed settlement, and to appear at the Fairness Hearing;*
  *(c) Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and*
  *(d) Met all applicable requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution because it stated in plain, easily understood language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members under Rule 23(c)(3).*

- ***Clopp et al. v. Pacific Market Research LLC,*** No. 21-2-08738-4 (Superior Court King County, WA), Judge Kristin Richardson on May 27, 2022:

  *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Washington Civil Rule 23(c)(2).*



- **Whitlock v. Christian Homes, Inc., et al,** No. 2020L6 (Circuit Court of Logan County, IL), Judge Jonathan Wright on May 6, 2022:

  *The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

- **Hanson v. Welch Foods Inc.,** No. 3:20-cv-02011-JCS (N.D. Cal.), Judge Joseph C. Spero on April 15, 2022:

  *The Class Notice and claims submission procedures set forth in Sections 5 and 9 of the Settlement Agreement, and the Notice Plan detailed in the Declaration of Brandon Schwartz filed on October 1, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- **Dein v. Seattle City Light,** No. 19-2-21999-8 SEA (Superior Court King County, WA), Judge Kristin Richardson on April 15, 2022:

  *The Court hereby finds and concludes that the notice was disseminated to Settlement Class Members in accordance with the terms set forth in the Settlement and in compliance with the Court's Preliminary Approval Order. The Court further finds and concludes that the notice fully satisfies CR 23(c)(2) and the requirements of due process, was the best notice practicable under the circumstances, provided individual notice to all members of the Class who could be identified through reasonable effort, and provided an opportunity for the Class Members to object to or exclude themselves from the Settlement.*

- **Frank v. Cannabis & Glass, LLC, et al,** No. 19-cv-00250 (E.D. Wash.), Judge Stanley A. Bastian on April 11, 2022:

  *Postlethwaite & Netterville, APAC, ("P&N"), the Settlement Administrator approved by the Court, completed the delivery of Class Notice according to the terms of the Agreement. The Class Text Message Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances, including*



**EAG Gulf Coast, LLC**

*individual notice to all Settlement Class Members who could be identified through reasonable effort.*

- ***McMorrow, et al. v. Mondelez International, Inc,*** No. 17-cv-02327 (S.D. Cal.), Judge Cynthia Bashant on April 8, 2022:

  *Notice was administered nationwide and achieved an overwhelmingly positive outcome, surpassing estimates from the Claims Administrator both in the predicted reach of the notice (72.94% as compared to 70%) as well as in participation from the class (80% more claims submitted than expected). (Schwartz Decl. ¶ 14, ECF No. 206-1; Final App. Mot. 3.) Only 46 potential Class Members submitted exclusions (Schwartz Decl. ¶ 21), and only one submitted an objection—however the objection opposes the distribution of fees and costs rather than the settlement itself. (Obj. 3.) The Court agrees with Plaintiffs that the strong claims rate, single fee-related objection, and low opt-out rate weigh in favor of final approval.*

- ***Daley, et al. v. Greystar Management Services LP, et al.,*** No. 2:18-cv-00381 (E.D. Wash.), Judge Salvador Mendoz, Jr. on February 1, 2022:

  *The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement. The Class Notice given by the Settlement Administrator to the Settlement Class....was the best practicable notice under the circumstances. The Class Notice program....was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Class Notice given to the Settlement Class Members satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of constitutional due process. The Class Notice was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of this Action....*

- ***Mansour, et al. v. Bumble Trading, Inc.,*** No. RIC1810011 (Cal. Super.), Judge Sunshine Sykes on January 27, 2022:

  *The Court finds that the Class Notice and the manner of its dissemination constituted the best practicable notice under the circumstances and was reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class. The Court finds that the notice was reasonable, that it constituted due, adequate and sufficient notice to all persons entitled to receive notice, and that it met the requirements of due process, Rules of Court 3.766 and 3.769(f), and any other applicable laws.*



- ***Hadley, et al. v. Kellogg Sales Company,*** No. 16-cv-04955 (N.D. Cal.), Judge Lucy H. Koh on November 23, 2021:

    *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement, and the Notice Plan filed on March 10, 2021, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Miracle-Pond, et al. v. Shutterfly, Inc.,*** No. 2019-CH-07050 (Circuit Court of Cook County, IL), Judge Raymond W. Mitchell on September 9, 2021:

    *This Court finds that the Settlement Administrator performed all duties thus far required as set forth in the Settlement Agreement. The Court finds that the Settlement Administrator has complied with the approved notice process as confirmed by its Declaration filed with the Court. The Court further finds that the Notice plan set forth in the Settlement as executed by the Settlement Administrator satisfied the requirements of Due Process and 735 ILCS 5/2-803. The Notice plan was reasonably calculated and constituted the best notice practicable to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Settlement, the right of Settlement Class Members to object to the Settlement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court finds and concludes that the Settlement Class Members have been provided the best notice practicable under the circumstances, and that the Notice plan was clearly designed to advise the Settlement Class Members of their rights.*

- ***Jackson-Battle, et al. v. Navicent Health, Inc.,*** No. 2020-CV-072287 (Ga Super.), Judge Jeffery O. Monroe on August 4, 2021:

    *The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of O.C.G.A. §§ 9-11-23(c)(2).*

- ***In re: Interior Molded Doors Indirect Purchasers Antitrust Litigation,*** No. 3:18-cv-00850 (E.D. Va.), Judge John A. Gibney on July 27, 2021:

    *The notice given to the Settlement Class of the settlement set forth in the Settlement Agreement and the other matters set forth herein was the best notice practicable*



**EAG Gulf Coast, LLC**

*under the circumstances. Said notice provided due and adequate notice of the proceedings an of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.*

- ***Krommenhock, et al. v. Post Foods, LLC,*** No. 16-cv-04958 (N.D. Cal.), Judge William H. Orrick on June 25, 2021:

  *The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement and the Notice Plan filed on January 18, 2021 fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. See Fed. R. Civ. P. 23(e)(2)(C)(ii).*

- ***Winters, et al. v. Two Towns Ciderhouse, Inc,*** No. 20-cv-00468 (S.D. Cal.), Judge Cynthia Bashant on May 11, 2021:

  *The settlement administrator, Postlethwaite and Netterville, APAC ("P&N") completed notice as directed by the Court in its Order Granting Preliminary Approval of the Class Action Settlement. (Decl. of Brandon Schwartz Re: Notice Plan Implementation and Settlement Administration ("Schwartz Decl.") ¶¶ 4–14, ECF No. 24-5.)…Thus, the Court finds the Notice complies with due process.…With respect to the reaction of the class, it appears the class members' response has been overwhelmingly positive.*

- ***Siddle, et al. v. The Duracell Company, et al.,*** No. 4:19-cv-00568 (N.D. Cal.), Judge James Donato on April 19, 2021:

  *The Court finds that the Class Notice and Claims Administration procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.*



- ***Fabricant v. Amerisave Mortgage Corporation***, No. 19-cv-04659-AB-AS (C.D. Cal.), Judge Andre Birotte, Jr. on November 25, 2020:

  *The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The notice fully satisfied the requirements of Due Process. No Settlement Class Members have objected to the terms of the Settlement.*

- ***Snyder, et al. v. U.S. Bank, N.A., et al.***, No. 1:16-CV-11675 (N.D. Ill), Judge Matthew F. Kennelly on June 18, 2020:

  *The Court makes the following findings and conclusions regarding notice to the Settlement Class:*

  *a. The Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;*
  *b. The Class Notice: (i) constituted the best practicable notice under the circumstances to potential Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Consolidated Litigation, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

- ***Edward Makaron et al. v. Enagic USA, Inc.***, No. 2:15-cv-05145 (C.D. Cal.), Judge Dean D. Pregerson on January 16, 2020:

  *The Court makes the following findings and conclusions regarding notice to the Class:*

  *a. The Class Notice was disseminated to persons in the Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;*

  *b. The Class Notice: (i) constituted the best practicable notice under the circumstances to potential Class Members, (ii) constituted notice that was reasonably*



*calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

- ***Kimberly Miller et al. v. P.S.C, Inc., d/b/a Puget Sound Collections**, No. 3:17-cv-05864 (W. D. Wash.), Judge Ronald B. Leighton on January 10, 2020:*

    *The Court finds that the notice given to Class Members pursuant to the terms of the Agreement fully and accurately informed Class Members of all material elements of the settlement and constituted valid, sufficient, and due notice to all Class Members. The notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law.*

- ***John Karpilovsky and Jimmie Criollo, Jr. et al. v. All Web Leads, Inc.,** No. 1:17-cv-01307 (N.D. Ill), Judge Harry D. Leinenweber on August 8, 2019:*

    *The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.*

    *The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.*

- ***Paul Story v. Mammoth Mountain Ski Area, LLC,** No. 2:14-cv-02422 (E.D. Cal.), Judge John A. Mendez on March 13, 2018:*

    *The Court finds that the Settlement Administrator delivered the Class Notice to the Class following the procedures set forth in the Settlement Agreement; that the Class Notice and the procedures followed by the Settlement Administrator constituted the best notice practicable under the circumstances; and that the Class Notice and the procedures contemplated by the Settlement Agreement were in full compliance with the laws of the United States and the requirements of due process. These findings support final approval of the Settlement Agreement.*



- ***John Burford, et al. v. Cargill, Incorporated,*** No. 05-0283 (W.D. La.), Judge S. Maurice Hicks, Jr. on November 8, 2012:

  > *Considering the aforementioned Declarations of Carpenter and Mire as well as the additional arguments made in the Joint Motion and during the Fairness Hearing, the Court finds that the notice procedures employed in this case satisfied all of the Rule 23 requirements and due process.*

- ***In RE: FEMA Trailer Formaldehyde Product Liability Litigation,*** MDL No. 1873, (E.D La.), Judge Kurt D. Engelhardt on September 27, 2012:

  > *After completing the necessary rigorous analysis, including careful consideration of Mr. Henderson's Declaration and Mr. Balhoff's Declaration, along with the Declaration of Justin I. Woods, the Court finds that the first-class mail notice to the List of Potential Class Members (or to their attorneys, if known by the PSC), Publication Notice and distribution of the notice in accordance with the Settlement Notice Plan, the terms of the Settlement Agreement, and this Court's Preliminary Approval Order:*
  >
  > *(a) constituted the best practicable notice to Class Members under the circumstances;*
  > *(b) provided Class Members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement so that a full opportunity has been afforded to Class Members and all other persons wishing to be heard;*
  > *(c) was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the pendency of this proposed class action settlement, (ii) their right to exclude themselves from the Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of representation by Plaintiffs or the PSC, and/or the award of attorneys' fees), (iv) their right to appear at the Fairness Hearing - either on their own or through counsel hired at their own expense - if they did not exclude themselves from the Class, and (v) the binding effect of the Preliminary Approval Order and Final Order and Judgment in this action, whether favorable or unfavorable, on all persons who do not timely request exclusion from the Class;*
  > *(d) was calculated to reach a large number of Class Members, and the prepared notice documents adequately informed Class Members of the class action, properly described their rights, and clearly conformed to the high standards for modern notice programs;*
  > *(e) focused on the effective communication of information about the class action. The notices prepared were couched in plain and easily understood language and were written and designed to the highest communication standards;*



(f) afforded sufficient notice and time to Class Members to receive notice and decide whether to request exclusion or to object to the settlement.;

(g) was reasonable and constituted due, adequate, effective, and sufficient notice to all persons entitled to be provided with notice; and

(h) fully satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable law.



**EAG Gulf Coast, LLC**

Exhibit B: CAFA Notice



8550 United Plaza Blvd., Ste. 1001 – Baton Rouge, LA 70809
225-922-4600 Phone – 225-922-4611 Fax – eisneramper.com

September 30, 2024

**_By Certified Mail_**

Federal and State Officials
as listed in Attachment 1

**Re: NOTICE UNDER THE CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1715(b),**
*Newman et al. v. Audienceview Ticketing Corporation et al., Case No. 1:23-cv-03764-VEC*

Dear Sir or Madam:

I send this letter and the enclosed disc to you on behalf of the Parties to the action referenced above (the "Parties") regarding the Motion for Preliminary Approval of a Proposed Settlement filed on August 23, 2024. This communication constitutes the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA").

The proposed settlement resolves the class action lawsuit brought by Jadyn Newman and Richard Z. Toledo ("Plaintiffs") against Audienceview Ticketing Corporation and UniversityTickets.com, Inc. ("Defendants") relating to a data security incident against Defendants' computer systems that occurred in or around February 2023 (the "Data Incident"). The systems possibly affected by the Data Incident contained payment card information of certain individuals. The Plaintiffs claim that Defendants were responsible for the Data Incident.

The Plaintiff's Complaint claims that Defendants failed to implement and maintain reasonable security measures to adequately protect the payment card information in their possession and to prevent the Date Incident from occurring. Defendants deny that they are liable for the claims made in the lawsuit and deny any allegations of wrongdoing.

In accordance with 28 U.S.C. § 1715(b), the enclosed disc includes:
a.  Exhibit 1: A copy of the Class Action Complaint filed on May 04, 2023
b.  Exhibit 2: A copy of the First Amended Class Action Complaint filed on October 16, 2023;
c.  Exhibit 3: A copy of the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement filed on September 20, 2024;
d.  Exhibit 4: Settlement Agreement filed on September 20, 2024, including the Class Notice Documents and proposed Preliminary Approval Order as Exhibits 1-5;
e.  Exhibit 5: Per 28 U.S.C. §§ 1715(b)(7)(A)-(B), a list of States with the estimated number of class members residing in each State.

The proposed Settlement establish a $435,000 Settlement Fund which Settlement Class Members may submit a claim for up to $5,000 for out-of-pocket expenses. Included within the $5,000, Settlement Class Members are also eligible to receive reimbursement for Attested Time (up to four (4) total hours at a rate of $25 per hour capped at $100). Settlement Class Members may make a claim for an Alternative Cash Payment in lieu of filing a claim for reimbursement



8550 United Plaza Blvd., Ste. 1001 – Baton Rouge, LA 70809
225-922-4600 Phone – 225-922-4611 Fax – **eisneramper.com**

of out-of-pocket losses, or attested time, all Settlement Class Members may file a claim for an alternative cash payment estimated at $75.

The Court has not set a date for a hearing on plaintiffs' motion for preliminary approval. The Final Approval Hearing is tentatively scheduled for March 5, 2025, before Judge Valerie E. Caproni of the United States District Court for the Southern District of New York. There are no other agreements between Class Counsel and counsel for Defendant, there are no final judgments in this matter, and there are no written judicial opinions relating to the materials described under 28 U.S.C. §§ 1715(b)(3)-(6).

Thank you for your attention to this matter. Please contact us if you have any questions about this notice or the enclosed materials.

Sincerely,

Ryan Aldridge
as Claims Administrator for
Newman et al. v. Audienceview Ticketing Corporation et al.
Ryan.Aldridge@eisneramper.com


cc by email:

Brian E. Middlebrook
John T. Mills
**GORDON REES SCULLY MANSUKHANI, LLP**
One Battery Park Plaza
New York, New York 10004
bmiddlebrook@grsm.com
jtmills@grsm.com


*Counsel for Defendant*

Kiley L. Grombacher
**BRADLEY GROMBACHER LLP**
31365 Oak Crest Drive, Suite 24
Westlake Village, California 91361
kgrombacher@bradleygrombacher.com

Brian P. Murray
**GLANCY PRONGAY & MURRAY LLP**
230 Park Avenue, Suite 358
New York, New York 10169
bmurray@glancylaw.com
*Counsel for Plaintiffs and Settlement Class Counsel*

**CAFA Notice Service List**

*Newman et al. v. Audienceview Ticketing Corporation et al., Case No. 1:23-cv-03764-VEC (S.D. NY.)*

| Name1 | Name2 | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Office of the Attorney General | | 1031 W. 4th Avenue, Suite 200 | | | Anchorage | AK | 99501-1994 |
| Office of the Attorney General | | 501 Washington Avenue | PO Box 300152 | | Montgomery | AL | 36104 |
| Office of the Attorney General | | 323 Center Street, Suite 200 | | | Little Rock | AR | 72201-2610 |
| Office of the Attorney General | | 2005 N Central Ave | | | Phoenix | AZ | 85004-2926 |
| Office of the Attorney General | CAFA Coordinator, Consumer Law Section | 455 Golden Gate Avenue, Suite 11000 | | | San Francisco | CA | 94102 |
| Office of the Attorney General | | Ralph L. Carr Colorado Judicial Center | 1300 Broadway, 10th Floor | | Denver | CO | 80203 |
| Office of the Attorney General | | 165 Capitol Avenue | | | Hartford | CT | 06106 |
| Office of the Attorney General | | 441 4th Street NW, Suite 1100S | | | Washington | DC | 20001 |
| United States Office of the Attorney General | US Department of Justice | 950 Pennsylvania Ave, NW | | | Washington | DC | 20530-0001 |
| Office of the Attorney General | | 820 North French Street | 6th Floor | | Wilmington | DE | 19801 |
| Office of the Attorney General | | The Capitol | PL-01 | | Tallahassee | FL | 32399-1050 |
| Office of the Attorney General | | 40 Capitol Square SW | | | Atlanta | GA | 30334 |
| Department of the Attorney General | | 425 Queen Street | | | Honolulu | HI | 96813 |
| Office of the Attorney General | | Hoover State Office Building | 1305 East Walnut Street | | Des Moines | IA | 50319 |
| Office of the Attorney General | | 954 West Jefferson Street, 2nd floor | PO Box 83720 | | Boise | ID | 83720-0010 |
| Office of the Attorney General | | 100 West Randolph Street | | | Chicago | IL | 60601 |
| Office of the Attorney General | | Indiana Government Center South | 302 West Washington Street, 5th Floor | | Indianapolis | IN | 46204 |
| Office of the Attorney General | | 120 SW 10th Ave, 2nd Floor | | | Topeka | KS | 66612-1597 |
| Office of the Attorney General | | 700 Capitol Avenue, Suite 118 | | | Frankfort | KY | 40601-3449 |
| Office of the Attorney General | | PO Box 94005 | | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | ATTN: CAFA Coordinator/General Counsel's Office | One Ashburton Place | | | Boston | MA | 02108 |
| Office of the Attorney General | | 200 St. Paul Place | | | Baltimore | MD | 21202 |
| Office of the Attorney General | | 6 State House Station | | | Augusta | ME | 04333 |
| Office of the Attorney General | | G. Mennen Williams Building | 525 West Ottawa Street | PO Box 30212 | Lansing | MI | 48909 |
| Office of the Attorney General | | 445 Minnesota Street, Suite 1400 | | | St Paul | MN | 55101-2131 |
| Office of the Attorney General | | Supreme Court Building | 207 West High Street | | Jefferson City | MO | 65102 |
| Office of the Attorney General | | Walter Sillers Building | 550 High Street, Suite 11 | | Jackson | MS | 39201 |
| Office of the Attorney General | | Justice Building Third Floor | 215 North Sanders | | Helena | MT | 59601 |
| Office of the Attorney General | ATTN: Consumer Protection | 114 West Edenton Street | | | Raleigh | NC | 27603 |
| Office of the Attorney General | | State Capitol | 600 East Boulevard Avenue, Dept. 125 | | Bismarck | ND | 58505 |
| Office of the Attorney General | | 2115 State Capitol | PO Box 98920 | | Lincoln | NE | 68509 |
| Office of the Attorney General | | 33 Capitol Street | | | Concord | NH | 03301 |
| Office of the Attorney General | | RJ Hughes Justice Complex | 25 Market Street | PO BOX 080 | Trenton | NJ | 08625-0080 |
| Office of the Attorney General | ATTN: Farrah Diaz, Paralegal | 201 3rd St NW, Suite 300 | | | Albuquerque | NM | 87102 |
| Office of the Attorney General | | Old Supreme Court Building | 100 North Carson Street | | Carson City | NV | 89701 |
| Office of the Attorney General | | The Capitol | | | Albany | NY | 12224-0341 |
| Office of the Attorney General | | State Office Tower | 30 East Broad Street, 14th Floor | | Columbus | OH | 43215 |
| Office of the Attorney General | | 313 NE 21st Street | | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Oregon Department of Justice | 1162 Court Street NE | | | Salem | OR | 97301-4096 |
| Office of the Attorney General | | 16th Floor, Strawberry Square | | | Harrisburg | PA | 17120 |
| Office of the Attorney General | | PO Box 9020192 | | | San Juan | PR | 00902-0192 |
| Office of the Attorney General | ATTN: Lisa Pinsonneault/CAFA Notice | 150 South Main Street | | | Providence | RI | 02903 |
| Office of the Attorney General | | PO Box 11549 | | | Columbia | SC | 29211-1549 |
| Office of the Attorney General | | 1302 E. Highway 14, Suite 1 | | | Pierre | SD | 57501-8501 |
| Office of the Attorney General and Reporter | | PO Box 20207 | | | Nashville | TN | 37202 |
| Office of the Attorney General | | Capitol Station | PO Box 12548 | | Austin | TX | 78711-2548 |
| Office of the Attorney General | | Utah State Capitol Complex | 350 North State Street, Suite 230 | | Salt Lake City | UT | 84114-2320 |
| Office of the Attorney General | | 202 North Ninth Street | | | Richmond | VA | 23219 |
| Office of the Attorney General | | 34-38 Kronprindsens Gade | Gers Building, 2nd Floor | | St Thomas | VI | 00802 |
| Office of the Attorney General | | 109 State Street | | | Montpelier | VT | 05609 |
| Office of the Attorney General | | 1125 Washington Street SE | PO Box 40100 | | Olympia | WA | 98504-0100 |
| Office of the Attorney General | Wisconsin Department of Justice | PO Box 7857 | | | Madison | WI | 53707-7857 |
| Office of the Attorney General | | State Capitol | Building 1, Room E-26 | | Charleston | WV | 25305 |
| Office of the Attorney General | | Kendrick Building | 2320 Capital Avenue | | Cheyenne | WY | 82002 |

Exhibit C: Email Notice

| | |
|---|---|
| From: | Audienceview Data Settlement Administrator (Notice@pnclassaction.com) |
| To: | |
| Subject: | Legal Notice: Newman v. Audienceview Ticketing Corporation |
| Date: | |

<u>Legal Notice by Order of the United States District Court for the Southern District of New York</u>

**Settlement Claim ID: {{ClaimID}}**

## IF YOU WERE NOTIFIED BY AUDIENCEVIEW TICKETING CORPORATION REGARDING THE FEBRUARY 2023 DATA INCIDENT, YOU MAY BE ELIGIBLE FOR PAYMENT FROM A CLASS ACTION SETTLEMENT.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached in a class action lawsuit against Audienceview Ticketing Corporation and Universitytickets.com, Inc ("Defendants") relating to cyberattack against Audienceview Ticketing Corporation's computer systems that occurred in or around February 2023 (the "Data Incident"). The systems possibly affected by the Data Incident contained payment card information of certain individuals. The Plaintiffs claim that Defendants were responsible for the Data Incident. Defendants deny all of the claims.

**WHO IS INCLUDED?** Defendants' records show you received a notification from Defendants regarding the Data Incident, and, therefore, you are included in this Settlement as a "Settlement Class Member" unless you opt out of the Settlement.

**SETTLEMENT BENEFITS.** The Settlement provides payments to people who submit valid claims for out-of-pocket expenses (up to $5,000) and lost time (up to 4 hours at $25/hour). The Settlement also provides an option for Settlement Class Members to submit a claim for an alternative cash payment estimated to be $75. Defendants also represent that they have adopted and implemented additional security measures following the Data Incident to further strengthen the security of their systems. **The only way to receive a benefit is to file a claim. To get a Claim Form, visit www.AudienceviewDataSettlement.com or call 1-844-699-4710. The claim deadline is January 29, 2025.**

**OPT OUT.** If you do not want to be legally bound by the Settlement, you must exclude yourself. A more detailed notice is available to explain how to exclude yourself. You must mail your exclusion request, postmarked no later than **January 29, 2025**, to the Settlement Administrator.

You cannot exclude yourself by phone or email. If you exclude yourself from the Settlement, you will receive no benefits under the Settlement and will not be legally bound by the Court's judgments related to the Settlement Class and Defendants in this class action.

**OBJECT.** If you stay in the Settlement, you may object to it by **January 29, 2025,** if you do not agree with any part of it. A more detailed notice is available to explain how to object. You must mail your written objection to the Settlement Administrator, postmarked no later than **January 29, 2025.** You can object only if you stay in the Settlement Class.

**OTHER OPTIONS.** If you do nothing, you will remain in the Settlement Class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue Defendant for the claims resolved by this Settlement.

**FOR MORE INFORMATION.** Please visit the website or call 1-844-699-4710 for a copy of the more detailed notice. On **April 10, 2025 at 10:00 A.M. Eastern,** the Court will hold a Final Approval Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees up to $130,500 and for service awards of up to $2,500 for each of the Class Representatives for a total of $5,000. The Motion for attorneys' fees and expenses and service awards will be posted on the website after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

www.AudienceviewDataSettlement.com                          1-844-699-4710

Audienceview Data Settlement Administrator

PO Box 668, Baton Rouge, LA 70821

Unsubscribe - Unsubscribe Preferences

Exhibit D: Postcard Notice

**SETTLEMENT BENEFITS.** The Settlement provides payments to people who submit valid claims for out-of-pocket expenses (up to $5,000) and lost time (up to 4 hours at $25/hour). The Settlement also provides an option for Settlement Class Members to submit a claim for an alternative cash payment estimated to be $75. Defendants also represent that they have adopted and implemented additional security measures following the Data Incident to further strengthen the security of their systems. **The only way to receive a benefit is to file a claim. To get a Claim Form, visit www.AudienceviewDataSettlement.com or call 1-844-699-4710. The claim deadline is January 29, 2025**.

**OPT OUT.** If you do not want to be legally bound by the Settlement, you must exclude yourself. A more detailed notice is available to explain how to exclude yourself. You must mail your exclusion request, postmarked no later than **January 29, 2025**, to the Settlement Administrator. You cannot exclude yourself by phone or email. If you exclude yourself from the Settlement, you will receive no benefits under the Settlement and will not be legally bound by the Court's judgments related to the Settlement Class and Defendants in this class action.

**OBJECT.** If you stay in the Settlement, you may object to it by **January 29, 2025**, if you do not agree with any part of it. A more detailed notice is available to explain how to object. You must mail your written objection to the Settlement Administrator, postmarked no later than **January 29, 2025**. You can object only if you stay in the Settlement Class.

**OTHER OPTIONS.** If you do nothing, you will remain in the Settlement Class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue Defendants for the claims resolved by this Settlement.

**MORE INFORMATION.** Please visit the website or call 1-844-699-4710 for a copy of the more detailed notice. On **April 10, 2025 at 10:00 A.M. Eastern**, the Court will hold a Final Approval Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees up to $130,500 and for service awards of up to $2,500 for each of the Class Representatives for a total of $5,000. The Motion for attorneys' fees and expenses and service awards will be posted on the website after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

| www.AudienceviewDataSettlement.com | 1-844-699-4710 |

# IF YOU WERE NOTIFIED BY AUDIENCEVIEW TICKETING CORPORATION REGARDING THE FEBRUARY 2023 DATA INCIDENT, YOU MAY BE ELIGIBLE FOR PAYMENT FROM A CLASS ACTION SETTLEMENT.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web*

A settlement has been reached in a class action lawsuit against Audienceview Ticketing Corporation and Universitytickets. com, Inc ("Defendants") relating to a cyberattack against Audienceview Ticketing Corporation's computer systems that occurred in or around February 2023 (the "Data Incident"). The systems possibly affected by the Data Incident contained payment card information of certain individuals. The Plaintiffs claim that Defendants were responsible for the Data Incident. Defendants deny all of the claims.

**WHO IS INCLUDED?** Defendants' records show you received a notification from Defendants regarding the Data Incident, and, therefore, you are included in this Settlement as a "Settlement Class Member" unless you opt out of the Settlement.

Visit www.AudienceviewDataSettlement.com or call 1-844-699-4710 for more information.

---

**Audienceview Data Settlement Administrator**
P.O. Box 668
Baton Rouge, LA 70821

PRESORTED
FIRST CLASS
U.S. POSTAGE
**PAID**
FPI

**ELECTRONIC SERVICE REQUESTED**

SETTLEMENT CLAIM ID [ID]
[FIRST NAME] [LAST NAME]
[ADDRESS]
[ADDRESS]
[CITY] [STATE] [ZIP]



Postal Service: Do Not Mark or Cover Barcode

WM21

# Exhibit E: Exclusions

| Exclusion List | | | |
|---|---|---|---|
| *Newman et al. v. Audienceview Ticketing Corporation et al., Case No. 1:23-cv-03764-VEC (S.D. NY.)* | | | |
| Count | Name | State | Date Received |
| 1 | Katherine M Liapis | WI | 12/20/2024 |
| 2 | William G. Robinson | VT | 1/7/2025 |

Settlement in Newman et al. v. Audienceview Ticketing Corporation,

Case No. 1:23-cv-03764-VEC

Request for Exclusion.

Hello. I am Katherine Liapis. I live at ███████████████████ WI. ████. I am
putting in a request for exclusion in this settlement.

Katherine M Liapis

MILWAUKEE WI 530

20 DEC 2024  PM 5  L

Audienceview Settlement Administrator
P.O. Box 668
Baton Rouge, LA. 70821

70821-066868

January 6,2025

Audienceview Data Settlement Administrator
P.O Box 668
Baton Rouge, LA

Sir/ Madam

At this time I would like to exclude myself (i e OPT out) of the Audienceview Data Settlement. My settlement claim ID is QMX-1150023.

Sincerely

$\mathcal{N}_{\mathcal{P}}.$ Robson

William G Robinson



BURLINGTON VT 054

07 JAN 2025  PM  LT

FREEDOM
FOREVER/USA

Audienceview Data Settlement Administrator
P.O. Box 668
Baton Rouge, LA
        70821

70821$0668